Francis J. Donovan, J.
Defendant appeared for arraignment on a misdemeanor assault charge. He stated that the complainant and several children had been living with him for about four years in what to all appearances was a normal family relationship. Except for the fact that they were not legally married, complainant, defendant and the children constitute a household.
Counsel for the defendant raised the question of this court’s jurisdiction in the light of section 812 of the new Family Court Act. Section 812 vests exclusive jurisdiction over misdemeanor assaults in the Family Court where the same are between “ members of the same family or household.”
If the instant charge is within this category, the matter must be transferred to the Family Court. The transfer is mandatory. (Family Court Act, § 813.) Research has failed to disclose any decision interpreting the language of the new act.
At first blush it would seem strange that a court whose purpose, in large part, is restoration and preservation of marriages, should concern itself with crimes between persons who are living in a meretricious relationship. From a strictly moral or even legal point of view, it is difficult to see why such a matter should be considered fit for the conciliatory and rehabilitative procedures of the Family Court.
Yet, if the jurisdiction were to be limited to legally constituted families, there was no need to add the word ££ or household ’ ’ to the statute. The Legislature must be presumed to have been aware of a fact that is common knowledge to every law-enforcement and social agency and to every court in this State, namely: there are countless households where man and woman reside with their offspring in a domestic relationship on a permanent basis without being legally married. Such households are responsible for many of the most difficult social problems concerning such agencies on a daily, routine basis. They present behavior problems, support problems, mental and emotional problems. They concern the health, welfare and safety of children. They result in filiation proceedings, support proceedings and juvenile proceedings. In short, from a social point of view, *654 this is a situation where the unique and flexible procedures and services available in the Family Court may possibly find a remedy. In some instances it may even be possible to arrange a legitimate marriage or at least furnish adequate counselling and protection.
Experience and constant interpretation will be required before the full import of this new act is clear. The terms “ family ” and “ household ” are not defined in the statute. Their meaning must therefore be determined by reference to general usage, decisions construing those terms in other statutes, and the broad remedial purpose of the statute as a whole.
In informal discussions among lawyers, jurists and others concerned with the act, some have contended that the term “ household ” is broad enough to include a boarder or servant. The language may indeed be broad enough to extend that far.
The judicial definitions of “household” collated in Words and Phrases seem to give support to such a contention. However, for the purposes of this case, it is not necessary to go so far.
It suffices to say that the relationship between this man and woman and the children residing with them is such as to constitute them a “ household ” as that term is generally used. They apparently eat, sleep and generally subsist as a single domestic unit depending on this defendant for support as its head. To hold otherwise from the mere fact that the man and woman are not legally married, would be to regard as meaningless surplusage the words “ or household.”
The language of the court in Moore Shipbuilding Corp. v. Industrial Accident Commission (185 Cal. 200) is sufficiently apropos to merit the following quotation: “ The only question open to discussion is whether as a matter of law the relation shown by the undisputed evidence constitutes bona fide membership in a ‘ family or household ’ on the part of the claimant. There is little to be gained by reviewing the numerous definitions given by the courts and lexicographers of the words * family ’ and 1 household. ’ They mean different things under different circumstances. The family, for instance, may be an entire group of people of the same ancestry, whether living together or widely separated; or it may be a particular group of people related by blood or marriage or not related at all, who are living together in the intimate and mutual interdependence of a single home or household. Again, the word 1 household * is variously used to designate people, generally, who live together in the same house, including the family, servants and boarders, or it may be used as including only members of the family relation. It is probable that the two terms are coupled together in this statute to indicate *655 that they are used synonymously, the £ family ’ to include only those of the household who are thus intimately associated, the ‘ household ’ to exclude those of the family not living in the home. There can be no doubt that Bauer, Mrs. Miller, and the little girl constituted a family or household.”
In order to permit time for exploration of the question of law and a possible resolution of the personal problems of the parties, decision was reserved on the question of transfer and the matter adjourned for all purposes, on consent of the defendant to January 14,1963.
The case is hereby transferred to the Family Court and the defendant is directed to appear in that court on January 14,1963 or such other date as may be fixed by such court. Such transfer is mandatory.
The Family Court may, pursuant to section 814 of the statute, return the matter to this court since the Family Court has the option to retain or decline jurisdiction. In the latter event there will be no question of the jurisdiction of the District Court, This would seem to be a cumbersome procedure, yet it is the only way in which jurisdiction of this matter may be vested in the District Court.