Mario Pittoni, J.
Noel Koeppel, respondent in a Family Court proceeding, petitions for a judgment under article 78 of the CPLB prohibiting the Judges of the Family Court, County of Nassau, or any of them, from proceeding with a hearing on a complaint under article 8 of the Family Court Act made by Jessica Koeppel against the petitioner.
Petitioner states that Jessica Koeppel, the complainant in the Family Court, and he were formerly husband and wife but that the marriage was dissolved by a divorce in favor of Jessica Koeppel, that Jessica Koeppel resides with their two children in the City of Long Beach, that Jessica Koeppel instituted the proceeding in the Family Court, Nassau County, under article 8 of the Family Court Act, and that the provision of the act under which he proceeds reads in part as follows:
“ § 821. Origination Proceedings. A proceeding under this article is originated by the filing of a petition:
“ (a) alleging that the respondent assaulted his spouse, parent, child, or other member of the same family or household or engaged in disorderly conduct toward any such person
Petitioner goes on to say that he is not a member of the Jessica Koeppel family and does not and did not reside in the same household with her at the time of the alleged assault and disorderly conduct, that a hearing on the complaint of Jessica Koeppel came on to be heard before a Judge of the Family Court and that petitioner then moved to dismiss the proceeding on the ground of lack of jurisdiction of the court, but that the motion was denied.
Petitioner claims that under the law he is a complete stranger to Jessica Koeppel, that the Family Court is without jurisdiction to try the matter, and that he has no other complete and adequate remedy at law.
Petitioner argues that the consequences of the section under attack are penal in nature and must, therefore, be strictly construed. Under the circumstances, says he, it is legally improper to theorize and philosophize what the Legislature intended by the enactment. However, even if the statutes involved were penal in nature, the rule of strict construction does not apply to penal statutes in New York, Section 21 of the Penal Law states *801 in part as follows: ‘ ‘ The. rule that a penal statute is to be strictly construed does not apply to this chapter or any of the provisions thereof, but all such provisions must be construed according to the fair import of their terms, to promote justice and effect the objects of the law.” Similarly, if New York does not apply the rule of strict construction to its criminal statutes, it does not apply the rule of strict construction to those which are only semicriminal or remedial in nature. It has been clearly stated that the pertinent provisions of the Family Court Act do not provide for criminal proceedings, but avenues to render help to the parties. Section 811 of the Family Court Act specifically states .that the purpose of the act was not to secure a criminal conviction and punishment, but practical help, and that “ the purpose of this article is to create a civil proceeding for dealing with such instances of disorderly conduct and assaults. It authorizes the family court to enter orders of protection and support and contemplates conciliation procedures. If the family court concludes that these processes are inappropriate in a particular case, it is authorized to transfer the proceeding to an appropriate criminal court.” The Family Court Act should be construed according to the fair import of its terms, to promote justice and effect the objects of the act.
Petitioner also claims that he has no other complete and adequate remedy at law. In this he is also mistaken because Family Court decisions are appealable to the Appellate Division of the Supreme Court. Under the circumstances, he is barred from petitioning for a writ of prohibition by CPLB 7801, which states that “ a proceeding under this article shall not be used to challenge a determination: 1. which is not final or can be adequately reviewed by appeal to a court or to some other body or officer ”.
The petitioner goes on to argue that the former family relationship which existed between him and his ex-wife was created by law by virtue of their marriage and was thereafter destroyed by law as a consequence of their voluntary divorce. He would have us believe that his present relationship with his former wife is as if they were never married. Therefore, says he, the Family Court has no jurisdiction over any dispute arising between them. If only it were so simple. Divorce does not cause a complete severance between the spouses and a complete return to status quo as if their marriage had never existed. Where two human beings have joined together in physical marital union and have brought forth children into the world, many obligations and contacts arising out of the prior union must remain and do exist. The usual problems of support *802 and visitation of the children, as in this case, of necessity result in a continuation of contact between persons who are no longer legally husband and wife. The very physical contact between the parties involved in this case shows that divorce has not caused a complete severance and eradication of the former marital union. The acts charged in this case arose only because of their prior marital union. In other words, were it not for the prior marital relationship between the parties, the conditions which gave rise to these occurrences would never have existed.
Also, where we have a divorced husband who is the father of the children of the marriage, and the former wife is their mother, both spouses are still related by reason of their being-parents of the same children. Section 812 of the Family Court Act mentions “members of the same family,” as well as “ spouses ” and “ household ”. Assuming that he is no longer a spouse by reason of their divorce, he is still a member of the same family. “Family” has been defined as “a group of persons consisting- of parents and their children ” (Funk & Wagnalls Standard Dictionary), “father, mother, and their children” (Thorndike-Barnhart Dictionary) and “A group comprising immediate kindred; esp., the group formed of parents and children, constituting the fundamental social unit in civilized societies ” (Webster’s New International Dictionary, 2d ed.).
I hold, therefore, that the petitioner is still a ‘ ‘ member of the same family ” and is subject to the jurisdiction of the Family Court.
The petition is dismissed and the matter is remanded to the Family Court, Nassau County, for disposition.