Joseph Jiudice, J.
This is a family offense proceeding transferred to this court from the Beacon City Court on April 29, 1965.
This proceeding was transferred upon the City Court’s allegation Corona Best and Joe L. Macklin “ live in the same house; eat together; defendant has key and goes into plaintiff’s apartment every night,” and, therefore, this matter should not be treated as a third degree assault matter under the Penal Law, but transferred to the Family Court under article 8 of the Family Court Act.
Section 812 of the Family Court Act states: “ The family court has exclusive original jurisdiction * * * over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household.”
The purpose of this new approach to an age-old family problem, with few exceptions, was not to secure a criminal con *623 viction and punishment, but practical help. A family offense proceeding contemplates conciliation procedures under the Family Court Act.
In this factual situation, admittedly, the parties are not married to one another. There are two children living in the same household who are not the issue of the respondent.
It is the public policy of this State not to place children in a situation which would impair their morals. Even if the parties held themselves out to be man and wife under an alleged common-law marriage, which is not the case here, this relationship would not change the moral atmosphere generated by these people living together under one roof.
Assuming this court accepted jurisdiction, the most that we could do in order to help would be to effect a marital reconciliation, which is impossible in this situation. Actually, it would make the court a party, not only to an immoral relationship, but also, this court would be encouraging this relationship to continue.
The conciliation procedures cannot be utilized in this situation for there is no marriage to begin with.
The key is section 812 in determining the legislative intent as to whether or not article 8 of the Family Court Act should be employed between members of the same household. This court does not believe this to be the legislative intent, nor will this court countenance the children living in this unfavorable environment.
After much deliberation and consideration, this court comes to the conclusion the rehabilitative processes of the Family Court do not enhance the declared public policy of the State of New York in this situation and, therefore, transfers this proceeding back to the Beacon City Court for appropriate criminal action pursuant to the Code of Criminal Procedure and the Penal Law of the State of New York.