Alexander Vitale, J.
The defendant was charged by an information sworn to by Leola Mae Kidd with a violation of subdivision 3 of section 242 of the Penal Law, in other words, with a second degree assault.
Upon arraignment, he was represented by counsel, namely the office of the Public Defender of the County of Nassau. His lawyer asked that the matter be transferred to the Family Court of this county to be there treated as a family offense.
In support of his application, counsel states that the complainant, Leola Mae Kidd, and the defendant, Primus Johnson, have lived together at 36 Carney Street, Glen Cove, New York, for a period of time, that they have there shared the same *537 apartment and that in general, they have hold themselves ont to he man and wife. Defendant’s counsel further informed the court that the complainant and the defendant have never been married to each other by either a ceremonial service or a civil one, nor has a marriage license ever been issued to them.
Nonetheless, it is asserted that the circumstances under which the complainant and defendant live with each other are such as to constitute them a household within the meaning of section 812 of the Family Court Act.
Since the institution of the Family Court Act in 1962, a number of cases have been heard in this county construing the ambit of section 812 in situations approximately similar to the one outlined above.
In People v. Dugar (37 Misc 2d 652 [1962]) and People v. Keller (37 Misc 2d 122 [1962]) and in Matter of Koeppel v. Judges of Family Court (44 Misc 2d 799 [1964]), it was uniformly held that there need not be a valid subsisting marriage relationship at the time of the occurrence in order to permit a transfer to the Family Court as a family offense; but that instead, the entire circumstances were to be looked into in each case and would be decided upon the facts found to exist. This appears to be in keeping with the intent of the framers of the Family Court Act. The committee comment to section 812 shows that they expected the question of whether or not a particular situation constituted a family offense to be determined by ‘ ‘ the common law method of ease by case adjudication to define 1 family ’, ‘ household ’, and ‘ disorderly conduct ’ for purposes of the civil proceeding provided in this article.” (McKinney's Cons. Laws of N. Y., Book 29A, Part 1, Family Court, p. 343.)
Further, we would be blind to human experience if we did not realize that the proximity to each other of the complainant and the defendant living as they were in the same household may well have given rise to whatever situation caused the alleged assault in this instance. That being the case, the absence of a marriage contract between these parties does not render less appropriate the conciliation procedures envisioned by the Family Court Act.
It would thus appear that this matter is a family offense as the same is designated by the Family Court Act and one that arose between members of the same household.
A further problem is presented however, by reason of the fact that this defendant is charged not with an assault in the third degree, but a second degree assault. A divergence of opinion has appeared in the reported decisions in this State as to *538 whether or not the phrase “ assault ” used in sections 812 and 813 of the Family Court Act refer to felonious assaults.
In People v. Klaff (35 Misc 2d 859); People v. Johnson (44 Misc 2d 1075) and again in Matter of Ricapito v. People (38 Misc 2d 710) it was held that the County Court has jurisdiction of felonious assaults pursuant to a constitutional mandate.
In People v. De Jesus (21 A D 2d 236 [1964]) the Appellate Division of the Fourth Department dealt with the question and decided there exists no constitutional prohibition against a transfer to the Family Court. As was there said, “ There is nothing .in the Constitution which grants to a Grand Jury an unlimitable right to indict as would appear from reading these cases. Section 6 of article I of the New York State Constitution, which must be considered along with all other constitutional enactments, provides that no person shall be held to answer for an infamous crime, with certain limited exceptions, unless on indictment of a Grand Jury. This section is not a statement that a Grand Jury may indict for any and all types of ‘ infamous crimes ’. The section itself contains exceptions. Further exceptions may, of course, be created by constitutional amendments, as here, or by clear legislative action as was achieved in the Family Court Act. But what is lost sight of is the fact that this section was not included in the Constitution for the purpose of preserving to a Grand Jury the right to indict in any and all cases of ‘ infamous crimes ’. Also overlooked is the right of the Legislature to define ‘ infamous crimes’.” (p. 241.)
The court than turned its attention to the interpretation to be given to the word assault as used in article 8 of the Family Court Act and the unanimous opinion held, “'We may not presume that the inclusion in the statute of all family assaults rather than merely misdemeanor assaults within the exclusive original jurisdiction of the Family Court was casual or not carefully considered. This law was drafted by the Joint Legislative Committee on Court Reorganization, and we must assume that the language employed was carefully selected. Further, as against the determination in the cases above cited that family assaults, as defined in the act, would encompass only misdemeanors, the Judicial Conference has stated: ‘ The jurisdiction of the Family Court is not limited to any particular degree of assault.’ (Eighth Annual Report of the Judicial Conference of State of New York, 1963, p. 72.) ” (pp. 241-242.)
It should be noted that in the Matter of Johnson and Matter of Ricapito, above cited, the defendants were both previously *539 indicted by the Grand Jury. This defendant has not, of course, been indicted by the Grand Jury as of the date of these findings. Further, he comes before the court and asserts that he is entitled to have this matter transferred to the Family Court of this county. He relies upon section 813 of the Family Court Act, which states, ‘ ‘ Any criminal complaint charging * * * an assault between * * * members of the same family or household shall be transferred by the criminal court * * * to the family court in the county in which the criminal court is located. ’ ’
In the absence of a clear, and apparent unconstitutionality of section 813, and in view of the defendant’s demand that the matter be transferred to the Family Court, this court feels constrained to hold as follows: having found that the criminal complaint charges an assault, whether it be felonious, or not, between members of the same household, then upon request, timely made, by the defendant, the matter must be transferred by the committing Magistrate to the Family Court.
It is obvious that the Magistrate and the Family Court Judge will avail themselves, dependent upon the particular situation presented, of the powers given to them respectively by the addition in 1964 of present sections 814 and 815 of the Family Court Act, allowing them to hold the defendant, or admit him to bail, or parole him.
It is respectfully held that the holding of the Appellate Division of the Second Department, in the Matter of Ricapito v. People (20 A D 567) is not a bar to the above finding, inasmuch as the decision there would appear to be that the question sought to be raised was not a proper one for review at that time. The memorandum by the appellate court went on to say (p. 568), “At this time, we refrain from passing upon any other questions. ’ ’
Therefore, the application of the defendant, through his counsel, is granted and this matter is transferred to the Family Court. He is directed to appear there on October 25, 1965, pursuant to order of even date signed herewith.