Raymond C. Baratta, J.
Defendant, Marjorie Ostrander, is charged by indictment dated August 27, 1968, with the crime of *384 assault in the first degree, wherein it is alleged that the above-named defendant on August 13, 1968 assaulted Delos Edward Rifenburgh, by stabbing him in the chest. The defendant makes this application for a dismissal of the indictment and an order transferring the case to the Family Court of Dutchess County, under section 813 of the Family Court Act for a determination under article 8 of the act.
It is well settled that assault, simple or felonious, ‘ ‘ between spouses or between parent and child or between members of the same family or household, ’ ’ is within the purview of the Family Court Act (People v. Johnson, 20 N Y 2d 220).
This motion presents a novel question as to whether or not the Family Court has exclusive original jurisdiction of an assault between a couple living together as man and wife, who are not legally married, where one or both of the parties is married to someone else. The first question raised is whether the parties, under the facts hereinafter recited, are within the definition, “ members of the same family or household.” The second question is whether it is necessary that the parties be members of the same household at the time the motion is made.
At the time of the alleged stabbing, Delos Edward Rifenburgh and Marjorie Ostrander were living together as husband and wife at 228 Mill Street, in the City of Poughkeepsie, New York. They had been living together at that address, since October, 1966 and during that period it is alleged that Rifenburgh supported the defendant as he would a legal spouse. Throughout this period defendant, Marjorie Ostrander, was and still is legally married to Charles Ostrander. At the time the motion was brought, Rifenburgh resided at Mill Street, in Poughkeepsie, New York, and Mrs. Ostrander listed her address as Rose Lawn Farm, Millbrook, New York.
Section 812 of the Family Court Act provides as follows: “ § 812. Jurisdiction. The family court has exclusive jurisdiction, subject to the provisions of section eight hundred thirteen, over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household.”
It is argued by the defendant in support of her motion that her application should be granted, since she and Mr. Rifenburgh were members of the same ‘1 household ’ ’ at the time of the incident. The District Attorney argues that Rifenburgh and Ostrander could not have been members of the same ‘ ‘ household ” for the reason that Mrs. Ostrander is legally married to someone else.
*385 After a research into the legal issues raised by defendant, this court concluded that there is no appellate court decision in this State which has decided any of the questions raised in this motion. The California Supreme Court has, however, ruled that a person, married to another but living as husband and wife with a different person, was a member of the same household under the California Death Benefit Statute (Moore Shipbuilding Corp. v. Industrial Ace. Comm., 185 Cal. 200). The decedent in that decision lived in an adulterous relationship with Lola Miller, the undivorced wife of Samuel Miller and her daughter, Ida Miller, who was the natural daughter of Samuel Miller. The California Supreme Court held that Ida Miller, the infant, was a member of the Bauer household under the workmen’s compensation statute and that as such could be considered a dependent of Albert Bauer for the purpose of collecting compensation death benefits. The lower court decisions of this State adopt the rule that where two people live together as husband and wife, they are members of the same household, under article 8 of the Family Court Act, even though there is no existing legal marital relationship (People v. Dugar, 37 Misc 2d 652; People v. Johnson, 48 Misc 2d 536; People v. James, 55 Misc 2d 953; but, see, Matter of Best v. Macklin, 46 Misc 2d 622).
Under the decisional law of this State, it is arguable that the defendant and Rifenburgh at the time of the assault were members of the same £ £ household ’ ’. That the defendant is legally married to someone else, however, injects a new factor into the ease which was not present in the prior New York lower court decisions. In analyzing the legislative intent pertaining, to the term, ££ household,” section 812 must be interpreted in conjunction with section 811 of the Family Court Act, in order to arrive at an understanding of the term which is consistent with the rationale of article 8. Section 811 deals with assaults and other criminal acts where the purpose of the arrest was not to secure criminal convictions but practical help. It speaks of wives and others, who formerly were forced to have another member of their family or household arrested, in order to obtain practical help. In other words, behind article 8 of the Family Court Act and section 811 is a recognition by the Legislature that in certain families one member has the other arrested for practical reasons without intending that the member be convicted in the criminal courts for his or her acts. Section 811 creates a public policy in favor of providing this help and preserving the tranquility and stability of the family. It is incongruous to conceive of an interpretation of section 811 that *386 would enable persons to take advantage of this novel experiment in family relations, where there was no family or where there was no public policy in favor of preserving the relationship that existed prior to the assault. There are a host of factual patterns imaginable which would fall within article 8 and section 811 if a less restricted interpretation of the statute were adopted.*
In the most recent case involving transfer (People v. James, supra, p. 956), Justice J. Irwin Shapiro stated:
“ Neither the Constitution nor the statute contains a definition of the term ‘ household ’ and the ‘ Committee Comments ’ under section 812 of the Family Court Act in McKinney’s Judiciary Law (Pt. 1, Book 29A, p. 343) point up the legislative intention not to stratify the meaning of that term. It there said: ‘ This section which is designed to implement section 13 subd. b, clause 7 of the new Judiciary Article, (Const. Art. 6) relies on the common law method of case by case adjudication to define “ family ”, “ household ”, and “ disorderly conduct ” for purposes of the civil proceeding provided in this article. ’
“Available constitutional and legislative history fails to shed any light on the reason or reasons for the inclusion of the term ‘ household ’ in both the Constitution and the appplicable statutes. Neither the report of the Joint Legislative Committee on Court Reorganization with reference to the Family Court Act (transmitted to the Legislature on January 30,1962) nor the Report of the Joint Legislative Committee on Matrimonial and Family Laws (N. Y. Legis. Doc., 1962, No. 34) mentions this matter in any way.” (supra at p. 956).
In that case, Justice Shapiro concluded that legislative intent, with respect to the definition of the word “ household,” was to place upon the court the responsibility for defining the term *387 by the common-law method. The conclusion reached by the court was consistent with the majority of other lower court decisions, but it is the opinion of this court, that James is substantially distinguishable from the instant case.
First of all, there is no longer a Rifenburgh household within the meaning of section 812 of article 8 of the Family Court Act. The purpose of article 8 of the Family Court Act was to avoid criminal convictions and punishments and to secure practical help for persons living together as members of the same family or household (Matter of Montalvo v. Montalvo, 55 Misc 2d 699). None of the decisions supporting transfer cover the factual pattern that exists here, that is, where the household no longer exists by virtue of the separation of the parties. While it may be true that the defendant lived with Mr. Rifenburgh on August 13, 1968, the fact that she no longer does renders the mechanical provisions of the statute inapplicable.
Even if the defendant had continued to live with Mr. Rifenburgh as husband and wife, following the assault, the instant case is not within the rule of James. In that case as in Dugar and Johnson, there was no evidence before the court that one or both of the persons were legally married to someone else. As the court in People v. Dugar stated (p. 653): “ At first blush it would seem strange that a court whose purpose, in large part, is restoration and preservation of marriages, should concern itself with crimes between persons who are living in a meretricious relationship. From a strictly moral or even legal point of view, it is difficult to see why such a matter should be considered fit for the conciliatory and rehabilitative procedures of the Family Court.” The above considerations are even more obvions where one of the parties, or both are legally married to someone else. The new Penal Law in this State provides that adultery is a crime (Penal Law, § 255.17). Nonetheless, the defendant asks the court to disregard her adultery and to transfer the assault prosecution to the Family Court. Thus, not only was the defendant living in an immoral relationship, but she was actually violating the Penal Law. If the court were to grant the relief requested in this motion, it would not only make the court a party to a meretricious relationship, but also to the criminal act of adultery. This court cannot adopt and declare a policy, which would make the State’s judicial system a party to the crime or act of adultery. Therefore, it is the opinion of this court that the defendant, Marjorie Ostrander, and the victim, Delos Edward Rifen *388 burgh, were not members of the same household at the time of the alleged assault, and that defendant is not entitled to the benefits of article 8 of the Family Court Act.
The motion is in all respects denied.

 The court has previously cited the existing lower court decisions in New York State, which interpret the word, “ houshold,” to include persons living together as husband and wife without the benefit of legal marital relationship {People v. Bugar, supra; People v. Johnson, supra; People v. James, supra). This decision injects adultery into the factual pattern of the prior decisions. Logically speaking, however, it is conceivable that if a literal interpretation of ithe word, “ household ” were adopted, section 811 and article 8 of the Family Court Act would be available to homosexuals living together as husband and wife, and polygamists; for if the only requirement of a “ household ” is the existence of a husband and wife relationship, then logically it could be argued that any of the above groups would fall within the definition. Thus, this court is inclined to limit its interpretation of the term, “ household ” to those relationships in which there is a public policy in favor of preserving the same.