Memorandum. The. minutes of change of plea and sentence indicate the possibility that defendant and the complaining witness, without a ceremonial marriage, lived together for some 10 years as husband .and wife, first in Alabama and then in New York City. Both the People and the defendant urge, therefore, that the case be remanded for a hearing to determine whether the assault and related charges were within the exclusive original jurisdiction of the Family Court. Such Family Court jurisdiction is confined to “ any proceeding concerning acts which would constitute * * * an assault between spouses * * * or between members of the same family or household ” (Family Ct. Act, § 812; see People v. Williams, 24 N Y 2d 274, 280).
The minutes reveal that a common-law marriage, recognized in Alabama and hence valid in New York, may have been contracted by defendant and complainant in Alabama prior to their residence in New York (Huffmaster v. Huffmaster, 279 Ala. 594; cf. Taylor v. Taylor, 249 Ala. 419). There should, be a hearing to determine whether such a common-law marriage was contracted in Alabama, thus conferring exclusive original jurisdiction on the Family Court (People v. Williams, supra, at p. 284).
The hearing court may also inquire whether any other type of illicit but persisting relation obtained between the parties, whether or not sustained by a purported ceremonial marriage, and determine whether such relationship should entitle defendant to claim exclusive original jurisdiction in the Family Court. This court, however, in the absence of an evidentiary record does not now consider whether an unceremonialized illicit relationship, however persistent, qualifies for treatment as a spousal or family relationship under section 812 of the Family Court Act (compare, e.g., Matter of Best v. Macklin, 46 Misc 2d 622, with People v. James, 55 Misc 2d 953; cf. People v. Williams, supra, at pp. 281, 283).
The judgment should be modified by remitting the case to the County Court, Nassau County, for a hearing.
*667 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Judgment modified by remitting the case to the County Court, Nassau County, for further proceedings in accordance with the memorandum herein.