Jasen, J.
In 1962, the Legislature enacted section 812 of the Family Court Act, vesting the Family Court with “ exclusive original jurisdiction over any proceeding concerning acts which *111 would constitute disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household.’’ Subsequently, the act was amended to substitute ‘‘harassment, menacing, reckless endangerment, an assault or an attempt [ed] assault ” for “ or an assault ”.
In each of the cases before us, we are called upon to consider, for the first time, whether an unceremonialized informal or illicit relationship, not recognized elsewhere as a common-law marriage, qualifies for treatment as a spousal or family relationship, within the meaning of the statute.
Defendant Allen was convicted, upon his plea of guilty, of assault in the third degree, in the Supreme Court, Kings County, and sentenced to a term of one year’s imprisonment. The plea was accepted in satisfaction of an indictment charging him with sodomy upon a female. According to the defendant, he had known the victim for 15 years and had lived with her for approximately three years—first in Chicago, and then in New York. Allen concedes that Illinois does not recognize common-law marriages and that he was not married to the victim of the sodomy.
Defendant Echols was convicted, upon his plea of guilty, of attempted assault in the second degree, in the Supreme Court, Bronx County, and sentenced to an indeterminate period of imprisonment not to exceed four years. The plea was accepted in satisfaction of an indictment for burglary in the first degree, assault in the first and second degrees, and possession of a dangerous weapon—all resulting when he broke into an apartment and stabbed his former girl friend with an ice pick. Echols apparently had lived with the complainant with some degree of regularity for 11 years and their relationship resulted in two children. During this period, and up to the present time, Echols was married to another woman from who he had been separated for 12 years.
Defendant Christmas was convicted in Nassau County Court, after a jury trial, of assault in the second degree and possession of a dangerous weapon, and sentenced to a term of 1% years’ imprisonment. The facts, as to his relationship with the female victim involved in the assault, are in dispute. Christmas testified that he had known her for six or seven years; that he had slept with her on many occasions; and that for one and one-half *112 years he had shared the same living quarters with her. The complainant, however, denied ever living with Christmas.
Each of these appellants raises the same argument on this appeal—that the assault charges on which they were convicted should have been transferred to the Family Court, as provided for in section 812 of the Family Court Act, because the complainant was a member of the same family or household as the defendant; and that the assault in question grew out of the intimate “ family ” relationship between the parties occupying the same “ household ”.
The courts passing on this issue are divided—one view is to disregard the absence of a solemnized marriage and consider only whether the parties are living as a single domestic unit[1]; and the other approach has required a legal marriage between the parties to qualify for Family Court treatment.[2]
We agree with the second view and conclude that the Family Court lacks jurisdiction in these cases. We read the “ family ” and “ household ” categories of section 812 to confer jurisdiction on the Family Court over disputes arising in relationships only where there is legal interdependence, either through a solemnized marriage or a recognized common-law union.
The Legislature, in enacting article 8 of the Family Court Act, had as its aim the preservation of the family unit. Realizing that the intervention of the criminal law did not always serve that end, the Legislature sought to avoid the use of penal sanctions in certain well-defined situations where intra-family or intra-household assault had occurred and to provide, instead, conciliation and other practical assistance to the parties involved, through the Family Court.
Implicit in the legislation is the proposition that the family or household unit which is sought to be preserved must be one whose continued existence is consistent with both public policy and the laws of this State. Certainly, making available conciliation procedures, as contemplated by the Family Court Act, to such informal and illicit relationships as those before us, would clearly be contrary to public policy by conferring the privileges *113 of Family Court services to a relationship which the Legislature has chosen not to recognize.
There can be little doubt that the public policy of this State has been to withhold recognition of common-law marriage[3], and it is unassailable that in its broad powers to regulate society, the State has the power to set standards and procedures to control such a basic institution as marriage. (See People v. Heine, 12 A D 2d 36, affd. 9 N Y 2d 925.) Since the Legislature has chosen not to give legal recognition to these relationships, we should not, in construing section 812, contradict this policy.
It matters not that, in reality, many such informal relationships exist in our State. Regardless of the frequency of its occurrence, such informal or illicit relationships remain unrecognized and should not be afforded the protective jurisdiction of the Family Court.
Although not controlling in our decision, we need only mention the tremendous burden that would be imposed on the Family Court, if we were to sustain the Family Court’s jurisdiction over these relationships. For example, in each instance, it would he necessary to conduct a pretrial hearing to determine if there is a “unity of living arrangement, and of social [and] economic * * * interdependence ” in order to qualify for Family Court treatment. (People v. Williams, 24 N Y 2d 274, 281.) It should also be abundantly clear that these informal and transitory living arrangements often preclude effective conciliation.
In addition, there are procedures available to combat other problems created by such relationships. Support proceedings for the benefit of the children may be instituted regardless of the marital status of the parties. (Domestic Relations Law, § 33.) Restraining orders or jail, if necessary, can fulfill the parties ’ need for physical protection. Thus, there appears that little can he gained by transferring such cases to the Family Court.
In sum, then, we hold that the "family" and "household" categories of section 812 of the Family Court Act confer jurisdiction on the Family Court over disputes arising in relationships only where there is legal interdependence, either through a solemnized marriage or a recognized common-law union.
In each case, the judgment of conviction should be affirmed.

. People v. James, 55 Misc 2d 953; People v. Johnson, 48 Misc 2d 536; People v. Dugar, 37 Misc 2d 652.

. People v. Ostrander, 58 Misc 2d 383, affd. 32 A D 2d 844; Matter of Best v. Macklin, 46 Misc 2d 622.

. See Domestic Relations Law, § 11, requiring the solemnizing of marriages.