Bergan, J. (dissenting in part).
In the cases of Allen and Echols the records indicate long sustained relationships with the women who were victims of the assaults as ''members of the same * * * household” (N. Y. Const., art. VI, § 13, subd. b; Family Ct. Act, § 812).
These situations established no marital or other legal family status for these men and women, but the continued stable relationships together made them “members” of the “same” household within the meaning of the Constitution and the statute. The language obviously embraces others than lawfully married people. (People v. James, 55 Misc 2d 953; People v. Johnson, 48 Misc 2d 536.)
The joint household status continued for long periods. Echols had lived with the complainant for about 11 years and they had two children together; Allen had lived with the complainant for three years. In the case of Christmas the record does not indicate any relationship in the same household with the complainant.
The statute (Family Ct. Act, § 812) grants exclusive first instance jurisdiction to the Family .Court over assaults between members of the same household (People v. Johnson, 20 N Y 2d 220).
Where the statute is operative the fact the assault charge has devolved from another crime than assault (e.g., burglary) does not affect the first-instance jurisdiction of the Family Court (People v. Williams [People v. Fowlkes], 24 N Y 2d 274, 285).
The court in. People v. Haynes (26 N Y 2d 665, 666) expressly reserved the question whether ‘ ‘ an unceremonialized illicit relationship, however persistent, qualifie[d] for treatment” under the Family Court Act.
That question is now here and a plain reading of the Constitution and the statute would bring the Allen and Echols cases within the jurisdiction of the Family Court if the indications in the record of the nature of the relationships are established. For this purpose there should be a hearing.
The judgment in Christmas should be affirmed; the judgments in Allen and Echols should be modified by remitting the cases to the Supreme Court for a hearing (People v. Haynes, supra).
*115 In People v. Allen: Judges Scileppi and Breitel concur with Judge Jasen; Judge Gibson concurs in result only; Judge Bergan dissents and votes to modify in a separate opinion in which Chief Judge Fuld and Judge Burke concur.
Judgment affirmed.
In People v. Echols: Judges Scileppi and Breitel concur with Judge Jasen; Judge Gibson concurs in result only; Judge Bergan dissents and votes to modify in a separate opinion in which Chief Judge Fuld and Judge Burke concur.
Judgment affirmed.
In People v. Christmas: Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Gibson concur.
Judgment affirmed.