Chief Judge Fuld.
In May of 1967, the Family Court, Kings County, adjudged Ronald F., then 11 or 12 years old, a juvenile delinquent and placed him in the custody of the New York State Training School for a period of 18 months. In April, 1968, before the expiration of that period, he was paroled and in October of 1968, without a hearing, indeed without notice to him or his father, his placement was extended for an additional 12 months, although he remained on parole. In July, 1969, his parole was revoked and he was placed in the Warwick School for Boys. Then, in October, his placement was further extended by the Family Court for one year, again without any notice whatsoever of the proceeding. In March of 1970, he was again granted a parole but, upon its revocation three months later, he was returned to Otisville Training School, where he was incarcerated.
*19 Urging that Ronald had been denied due process when his placement was extended in October, 1968, without any prior notice or opportunity to be heard, his father, the relator in this proceeding, sued out a writ of habeas corpus to obtain his release from the training school. The court at Special Term dismissed the writ. On appeal, however, the Appellate Division reversed, sustained the writ and ordered Ronald discharged from custody. “ Though the critical question before the Family Court in a case like ours”, the Appellate Division wrote in the course of its opinion (36 A D 2d 42, 45), “is to decide what is in the best interests of the child, such a determination must be made by a court which has jurisdiction over the child and in a proceeding, after notice to him, in which he is entitled through counsel to inquire into the reasons for the requested extension of placement and by his own testimony and otherwise to refute them, if possible. Such a proceeding clearly requires a hearing. Hence, when the court, without a hearing, on October 24, 1968, extended Bonald’s period under supervision and possible confinement for an additional 12 months from November 4,1968, he was deprived of due process of law.”
Although the appellant, represented by the Attorney-General, has taken an appeal to our court, he neither disputes the conclusion that the juvenile was denied due process nor questions the correctness of the Appellate Division’s order. His plaint, the Attorney-General told us in brief and on oral argument, is directed at certain language in the court’s opinion which he reads as implying that “ due process requires * * * the holding of a hearing and the presence of the child ’ ’ at the hearing “ in every instance ’ ’, whether he is in the physical custody of the training school or of his parent or other guardian, following release on parole.
In the case before us, Bonald was at the training school when the 1969 extension of his placement was sought and obtained. We are not, of course, concerned with the hypothetical case posed by the appellant; it is sufficient to state that the disposition made by the Appellate Division is eminently correct and, since its order is concededly proper, it should be affirmed.
Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order affirmed, without costs.