In the Matter of MATTIE R. POTTER, Respondent, v. ETHAN BENNETT, Appellant.— In a proceeding to commit appellant for violation of an order of protection of the Family Court, Suffolk County, dated October 9, 1970, the appeal is from an order of said court dated May 20, 1971, which denied his motion to dismiss the application. Order reversed, on the law, without costs, and petition dismissed. Petitioner and appellant live together as husband and

wife and are the parents of a child. However, they have never married. Difficulties arose in their relationship and they sought the services of the Family Court. After a hearing, the Family Court issued the subject order of protection, requiring each party to abstain from offensive conduct toward the other. Thereafter, petitioner instituted this proceeding, alleging that appellant violated the order of protection. Appellant moved to dismiss the application on the ground that the Family Court lacked subject matter jurisdiction to issue the order of protection. The Family Court concluded that it has jurisdiction to issue protective orders between parties living together as husband and wife, notwithstanding that they are not lawfully married. We cannot agree. The order of protection was issued pursuant to section 842 of the Family Court Act. The jurisdiction of the Family Court to issue an order pursuant to section 842 is limited by section 812 of the Family Court Act, which provides, in pertinent part: " The family court has exclusive original jurisdiction *, * * over any proceeding concerning acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempt[ed] assault between spouses or between parent and child or between members of the same family or household." Clearly, if the parties are " spouses " or " members of the same family or household " then the Family Court would have jurisdiction. Obviously, the parties are not spouses; they never married. Neither are they members of the same family or household. In *People* v. *Allen* (27 N Y 2d 108, 113) the Court of Appeals held (4-3) " that the ' family ' and ' household ' categories of section 812 of the Family Court Act confer jurisdiction on the Family Court over disputes arising in relationships only where there is legal interdependence, either through a solemnized marriage or a recognized common-law union." Accordingly, we are constrained by the holding in the *Allen* case and must conclude that the Family Court lacked jurisdiction to issue the order of protection between the parties. Since the court lacked jurisdiction to issue the order in the first instance, appellant cannot be committed (*Bachman* v. *Harrington*, 184 N. Y. 458, 462; *Porpora* v. *Wescon Transp. Co.*, 29 A D 2d 958). Hopkins, Acting P. J., Shapiro, Christ and Brennan, JJ., concur, with a separate memorandum by Shapiro, J. Shapiro, J. (concurring) : I still feel that the views expressed by me in *People* v. *James* (55 Misc 2d 933) should govern the factual situation portrayed by this record, but in view of the decision by the Court of Appeals in *People* v. *Allen* (27 N Y 2d 108), albeit by a sharply divided court, I am constrained to vote for a reversal. The Legislature might well consider an amendment of section 812 of the Family Court Act to accomplish what I believe to have been its intention in using the words "members of the same family or household." Benjamin, J., dissents and votes to affirm, with the following memorandum: I do not consider *People* v. *Allen* and *People* v. *Echols* (27 N Y 2d 108) a conclusive authority requiring reversal in this case. In *Allen-Echols* the " majority " opinion by Judge Jasen was concurred in by only two other Judges, namely, Judges Scileppi and Breitel. Judge Gibson concurred in result only, without stating any reason for his holding. Chief Judge Fuld and Judge Burke agreed with a " dissenting " opinion by Judge Bergan, in which he squarely concluded that the *Allen-Echols* cases were within the jurisdiction of the Family Court because they involved members of the same "household", even though the parties were not legally married to each other. In the case at bar, neither party is married to anyone. In the *Allen-Echols* cases, Judge Jasen's opinion notes that Echols was married to another woman while he lived with the complainant, but it does not indicate whether that was also the situation with respect to Allen. Our own files, however, show that in the *Allen* case the complainant was mar-

ried to another man while she lived with Allen, so in *Allen* as well as *Echols* the parties' relationships were adulterous. Our files further show that we considered the existing adultery a significant factor in reaching our conclusion that the Family Court lacked jurisdiction; and that we did not reach or decide the question whether our holding would be the same if both parties to the dispute were unmarried while living with each other. We cannot, of course, know the reason why Judge Gibson concurred for affirmance of the *Allen-Echols* judgments, while apparently declining to accept the reasoning of Judge JASEN's opinion (which did not mention the adulterous relationship as a factor), since he gave no explanation for his concurrence in the result only. But it well may be that he, too, believed that the existence of the adulterous relationships in *Allen-Echols* was the decisive factor divesting the Family Court of jurisdiction; and he may, perhaps, have joined with the "dissenters" were that factor not present, thus making the "dissent" the majority holding. In view of the foregoing and the absence of an adulterous relationship in the present case, I do not believe that *Allen-Echols* requires a reversal in this case. On the contrary, I think the precise question here presented has not yet been definitively answered by the Court of Appeals and it is still open for our consideration. On the merits, I agree with the "dissent" in *Allen-Echols* and with the scholarly analysis of the problem by Mr. Justice Shapiro in *People* v. *James* (55 Misc 2d 953) and his conclusion therein that a case like that at bar clearly is within the jurisdiction of the Family Court. Apart from the foregoing, it may be noted that the protective order here involved directed appellant to refrain from violence and threats not only against petitioner but also against any other member of the family or household, obviously referring to the parties' child. Such order seems clearly within the jurisdiction conferred by section 842 of the Family Court Act, which authorizes a protective order requiring a parent to abstain from offensive conduct against the child and also from acts that tend to make the home not a proper place for the child. Hence, the order was properly made and its violation, if established, properly punishable by commitment.