HON. JOHN J. GIBBONS U.S. Circuit Judge U.S. Court of Appeals
This is in response to your letter requesting the opinion of the Attorney General concerning the following: You state that you are a judge on the United States Court of Appeals for the Third Circuit, with a residence in New Jersey. You inquire whether, as such, you are authorized under the New York Domestic Relations Law to solemnize a marriage in New York.
Section 11 of the Domestic Relations Law provides, in pertinent part, as follows:
"§ 11. By whom a marriage must be solemnized
 "No marriage shall be valid unless solemnized by either:
 "3. A justice or judge of a court of record, or of a municipal court, a police justice of a village, a town or city justice or a county clerk of a county wholly within cities having a population of one million or more; * * *
* * *
 "6. Notwithstanding any other provisions of this article to the contrary no marriage shall be solemnized by a public officer specified in this section, other than a justice of the supreme court of this State, outside the territorial jurisdiction in which he was elected or appointed. * * *" (Emphasis supplied.)
A "court of record" is defined in section 2 of the Judiciary Law. That definition, however, is limited to certain "courts of the state," and does not purport to include any of the federal courts within its scope. New York State, in its broad powers to regulate society, has the power to set standards and procedures to control the institution of marriage. (People v. Allen, 27 N.Y.2d 108,113.) This power would include the designation of those who may solemnized a marriage. The legislature has not included therein federal judges. It has been held that a court should not read into statutes something not there which the Legislature could easily have included if it so desired. (Noel Associates v.Merill, 184 Misc. 646.)
We are not aware of any federal statute which confers upon federal judges the right to perform marriages in New York.
Even were we to conclude, however, that you were a judge of a "court of record" as that term is defined in the Judiciary Law, subdivision 6 of section 11 of the Domestic Relations Law provides that a public officer authorized to solemnize a marriage may not (with exceptions not relevant here) do so outside the territorial jurisdiction of his election or appointment. The jurisdiction of the federal courts is restricted to the territorial limits within which they are placed. (Toland v.Sprague, 37 U.S. 300.) Therefore, as a judge on the Third Circuit, your territory of appointment would not include New York, which is in the Second Circuit.
We conclude, therefore, that a judge of the United States Court of Appeals for the Third Circuit is not authorized to solemnize a marriage in New York State.