Jack J. Cannavo, J.
The respondent herein has made a motion pursuant to CPLR 5015 (subd [a], par 4) for an order vacating the order of protection dated February 25, 1976 granted in favor of the petitioner, Linda Muhlhausen, on the ground that this court lacked jurisdiction over the subject matter.
The parties in this proceeding had been living together for several years as husband and wife and had, as a result of this relationship, two out-of-wedlock children with whom they lived. However, they never married. On February 25, 1976, the respondent appeared in the Suffolk County Family Court to answer a petition which had been filed by the petitioner pursuant to sections 812 and 821 of the Family Court Act charging William J. Ray, Jr., the respondent, with having committed certain acts of assault against her. The respondent admitted the allegations contained in the petition, and the court thereupon issued an order of protection ordering the respondent "at all times to refrain from any acts of and/or threats of violence directed toward the petitioner.” The order was to remain in force and effect for a period of 12 months from the date of its entry. The court in its determination specifically indicated that the order of protection was being issued pursuant to section 551 of the Family Court Act since it was cognizant of the fact that orders of filiation had previously been entered establishing the respondent to be the father of the two afore-mentioned out-of-wedlock children.
Respondent now contends that the wording in section 551 is limited by the language in section 812 and the interpretation of that section by the Court of Appeals in People v Allen (27 NY2d 108), and the Appellate Division, Second Department, in Matter of Potter v Bennett (40 AD2d 546). Both these cases hold that the Family Court has jurisdiction only in disputes *300 arising out of relationships where there is a "legal interdependence, either through a solemnized marriage or a recognized common-law union.” Since here, argues the respondent, there was neither a solemnized marriage nor a recognized common-law union between the petitioner and respondent, they cannot be considered spouses or members of the same family or household. The Family Court therefore lacked jurisdiction to issue the order of protection in the first instance.
Petitioner relies essentially on Judge Irwin Shapiro’s decision in People v James (55 Misc 2d 953), to support her contention that the Family Court does have jurisdiction. In the James case (supra), which involved a factual situation similar to the one at bar, the court held that, since there was a de facto household or family unit in existence, the defendant’s acts fell within the purview of section 812 of the Family Court Act. She points out that here, as in the James case, there was a household with a parent-child relationship in existence at the time of the commission by the respondent of the alleged offensive acts; therefore, the Family Court had exclusive original jurisdiction over this proceeding. She further maintains that respondent’s challenge to the jurisdiction of the court was not made timely since approximately eight months had elapsed following the issuance of the court’s order.
Although the court agrees with Judge Shapiro’s decision in People v James (supra), and his erudite interpretation of section 812, that case does not represent the law in New York State. Its holding is in direct conflict with the holding in the Allen (27 NY2d 108, supra) case. Further, petitioner’s contention that respondent’s calling into question the court’s jurisdiction is belated cannot be sustained. CPLR 5015 (subd [a]) does not provide any specific time limitation for the bringing of any motion pursuant to its provisions and certainly no time period should apply where the court’s order is being attacked as void because the court lacked jurisdiction. "Want of jurisdiction may be asserted at any time.” (Cooper Lbr. Co. v Masone, 286 App Div 879; Doey v Howland Co., 224 NY 30.) The question of the court’s lack of jurisdiction over the subject matter can be properly raised by motion under CPLR 5015 (subd [a], par 4) at any time while the order of the court is in force and effect and its violation could result in serious consequences for the respondent including a jail term of up to six months. Moreover, courts possess the inherent power to *301 vacate their orders in the interests of justice (McCarthy v Port of New York Auth., 21 AD2d 125). In view of the grave liabilities that respondent would face if a willful violation of the order of protection were established, a refusal by this court to consider the question of jurisdiction over the subject matter would surely involve an abuse of discretion and would not serve the interests of justice.
There is one very significant fact that distinguishes this case from the Allen (supra) and Matter of Potter v Bennett (supra) cases. In both those cases the jurisdictional question involved an interpretation of article 8 (§ 812) of the Family Court Act and in the latter case specifically the proper issuance of the order of protection pursuant to section 842. In the case at bar, the order of protection was issued pursuant to article 5 (§ 551) of the Family Court Act, which provides that "The court may make an order of protection in assistance or as a condition of any other order made under this article. The order of protection may set forth reasonable conditions of behavior to be observed for a specified time by the petitioner or respondent or both.” (Emphasis supplied.) Two filiation orders involving the parties in this proceeding had previously been entered by the court, and the order of protection, which petitioner was seeking, was apparently issued to provide the petitioner with some practical help to mitigate the severe family strife that had developed following the acknowledgment and the finding of paternity.
It should also be noted that by chapter 970 of the Laws of 1972, section 551 became effective on June 8, 1972. Thus, section 551 was not in existence at the time that the issues in the Allen and Matter of Potter v Bennett cases were joined and litigated. There is absolutely no indication anywhere of any legislative intent to limit the language in section 551 by the wording in section 812 as the respondent contends. The fact that the Legislature enacted section 551 despite the existence of sections 812 and 842 and the interpretation that had already been given to section 812 in the Allen case clearly signifies that the Legislature intended to provide parties situated in circumstances as in the case at bar with a practical approach for the resolution of the difficult and complex social problems that so often develop in these common situations by making available to litigants the flexible and helpful processes of the Family Court rather than the rigid and stern procedures of the criminal courts. In fact, the petitioner here chose *302 to file a petition in the Family Court rather than a criminal information against the respondent in the Criminal Court. She obviously was not seeking a criminal conviction with punishment, but rather she was looking for help. Moreover, since the parties were amenable to conciliation, the court referred them to the Court Consultation Service Center for mental health evaluations to assess the feasibility of family counseling.
The role of section 551 takes on added significance when considered in conjunction with section 549 of the Family Court Act enacted in 1971 (L 1971, ch 952, §2), which latter section provides, when appropriate, for the granting of custody or visitations to the father after a finding of paternity. These common-law relationships often engender a great deal of conflict and dissension particularly where children are involved and visitations have been ordered by the court. The order of protection in such situations could prove to be very valuable in helping to bring about some measure of effective stability to the relationship.
Finally, it should be noted that presently, as part of a preliminary or final disposition, the order of protection with its inherent benefits is available to litigants in most proceedings in the Family Court (see, e.g., Family Ct Act, §§ 430, 446, 740, 759, 842, 1029, 1056). Thus, the Family Court has the authority to issue an order of protection requiring a person to do or refrain from doing an act or acts in proceedings other than those brought pursuant to article 8.
In sum, this court concludes that the Family Court in this proceeding had jurisdiction over the subject matter and properly issued the order of protection.
Respondent’s motion is therefore denied.