OPINION OF THE COURT
David S. Nelson, J.
The St. Lawrence County Department of Social Services has filed with this court a petition for extension of placement concerning Carmen R., requesting an extension of placement for a period of 12 months based on the following reasons: “1. Child’s family has requested her continued removal and are unable to meet child’s needs. 2. Child’s inability to function and benefit from placement in the community.” The petition recites an order of this court granted August 6,1982, which order terminated February 6, 1984, and was extended for 30 days.
The original order of fact finding and disposition resulted from a juvenile delinquent petition filed with this court on May 4, 1982, alleging that Carmen R., a minor born on March 18,1967, had committed acts which, if done by an adult, would constitute the crime of petit larceny under section 155.25 of the Penal Law. The Law Guardian *239 appointed for the said Carmen R. represented her throughout the proceedings. On June 16, 1982, respondent admitted the allegations of the petition and the matter was adjourned for a dispositional hearing. On August 6, 1982, the dispositional hearing was completed and an order of fact finding and disposition was issued by this court reciting the previous proceedings, noting that the allegations of the petition had been admitted, and determining beyond a reasonable doubt that the respondent had done the acts alleged in the petition, which, if done by an adult, would constitute a crime. The court also determined by a preponderance of the evidence that respondent required supervision, treatment or confinement, and ordered that Carmen R. be placed in the custody of the Commissioner of the Department of Social Services for a period of 18 months from the date of the order.
Subsequently, and following placement problems in two foster homes, the Department of Social Services placed her in George Junior Republic, a secure detention facility, on November 28, 1983.
At the first hearing on the extension petition, the Law Guardian for the respondent questioned whether the original order of August 6, 1982 was legal in that it placed a person found to be a juvenile delinquent, where the underlying offense was a misdemeanor, for a period of 18 months, rather than for a period of 12 months. The applicable statute on August 6,1982 was subdivision (b) of section 756 of the Family Court Act, which provided in part as follows: “[Provided, however, upon an adjudication of juvenile delinquency after a finding that the child committed an act which, if done by an adult, would constitute a misdemeanor as defined in the penal law, such placement may be for a maximum initial period of one year ” (Emphasis added.)
Subsequently, the Law Guardian moved to dismiss the petition for extension of placement and vacate and terminate the dispositional order of this court dated August 6, 1982. In his supporting affidavit, the Law Guardian recites the applicable statute and claims that since August 6, 1983, the respondent has been illegally held and that the extension petition is not timely in that it should have befen *240 filed prior to August 6, 1983. He further claims that by reason of this late filing of the petition, the court is deprived of jurisdiction and has no authority at this time to extend the placement of the respondent.
The Department of Social Services has argued that the decision of the court in making the 18-month placement was not appealed by the respondent, and, therefore, is the “law of the case”. The Department further argued that it would be improper and would exceed the bounds of judicial propriety for this court to overturn the order of a court of concurrent jurisdiction or of another Judge of the same court.
The court has reviewed the cases cited by counsel for the Department of Social Services and finds them inapplicable. There is no proof offered that the authority of the court to place the juvenile delinquent for a period of 18 months was a point of contention or that the court ruled on that issue. The Department conceded in oral argument that the court did not Jiave the authority to issue an order placing the respondent for a period of 18 months.
The only statutory provision in article 3 of the Family Court Act that seems in any way to be applicable to the instant situation is subdivision 1 of section 355.1. That section requires a finding that there be “a substantial change of circumstances” before the court modifies or vacates an order under article 3. The court file for this proceeding shows that at the time of placement on August 6, 1982, the recommendation of the St. Lawrence County Probation Department was that respondent be placed in the custody of the Commissioner of the Department of Social Services for 18 months, and further that it would be the understanding of the Probation Department that the respondent would be placed in a foster home within St. Lawrence County. The file further indicates that the respondent was placed in George Junior Republic at Free-ville, New York, on November 28, 1983. This restrictive placement, though within the authority of the Department of Social Services, was not contemplated at the time of the dispositional hearing on August 6, 1982. It is noted that the placement is a considerable distance from St. Lawrence County, the place of residence of the family and friends of respondent.
*241 No reported cases with this particular fact situation have been found. It is the opinion of this court that section 355.1 of the Family Court Act is not intended to be the only remedy available to juvenile delinquents under the facts present in this case. Courts possess the inherent power to vacate their orders in the interest of justice. (Matter of Muhlhausen v Ray, 89 Misc 2d 298.)
A relevant consideration for this court is the applicability of the Criminal Procedure Law to juvenile delinquent proceedings under article 3 of the Family Court Act. In Matter of Gault (387 US 1), the court held that notice of charges, right to counsel, right of confrontation, privilege against self incrimination, and right of cross-examination, were such rights as were protected by the due process clause of the United States Constitution. In Matter of Winship (397 US 358, 364) the court further held that the standard of guilt, “beyond a reasonable doubt”, must be applied to juvenile procedures. Further holdings have enlarged upon the rights of a respondent in juvenile delinquent proceedings, including that Miranda warnings must be applied to delinquency arrests (Matter of Jose R., 35 AD2d 972), that the unsworn testimony of a child must be corroborated (Matter of Steven B., 30 AD2d 442), and that a juvenile must be granted the right to a voir dire examination to suppress evidence (Matter of Gary C., 42 AD2d 704). The Court of Appeals has even said that delinquency actions are “at the very least quasi-criminal in nature”. (Matter of Gregory W., 19 NY2d 55, 62.) It is certainly appropriate to consider any comparable provisions that may be found in the Criminal Procedure Law.
CPL 440.20 sets forth the procedure for setting aside sentences in criminal matters. Subdivision 1 of said section provides in part that the court after the entry of a judgment may, upon motion, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law. Such a motion is a basic procedural right in criminal court and should be available to juveniles in Family Court. The Practice Commentary in McKinney’s Consolidated Laws of New York for this section states in part as follows: “An illegal sentence should be subject to challenge and rectification in the *242 trial court without compelling the defendant to pursue the more lengthy and cumbersome appellate procedure.” (Bellacosa, Book 11 A, CPL 440.20, p 411.) The right of a respondent in a juvenile delinquent proceeding to challenge the illegality of his or her disposition is a basic right involving due process of law.
If CPL 440.20 were not applicable, then the provisions of the Civil Practice Law and Rules should be reviewed pursuant to sections 164 and 165 of the Family Court Act. These sections indicate that the CPLR shall apply to the extent that they are appropriate to the proceedings involved. Following the dictates of these sections it would be proper for this court to treat the motion brought by the Law Guardian as one brought under CPLR 5015 (subd [a], par 4) on the ground that the court which rendered the judgment or order lacked jurisdiction to render such a judgment or order. This provision of the CPLR has been utilized heretofore in other Family Court cases. (See Matter of Muhlhausen v Ray, supra [family offense]; Matter of Roe v Doe, 51 Misc 2d 875 [paternity proceeding]; also see in this connection CPLR 2001.) This court did not have authority to place the respondent for a period of 18 months upon finding that she had committed an act, which, if committed by an adult, would have been a misdemeanor. (Family Ct Act, § 756, subd [b], as it existed on Aug. 6, 1982; cf. Family Ct Act, § 353.3, subd 5.)
Since it has been determined that the court lacked jurisdiction to render the order it did, said order is vacated and a new order is entered providing for a 12-month placement. (See Matter of Fish v Horn, 14 NY2d 905; Matter of Myacutta A., 97 Misc 2d 670, revd on other grounds 75 AD2d 774.)
As a result of this modification and the order of this court, the placement of Carmen R. hereby terminates August 6, 1983. By reason of the failure, although understandable, of the Department of Social Services to file a petition for extension prior to the termination date of August 6,1983, this court is without power, at this time, to enter an order nunc pro tunc extending the term for a 12-month period ending August 6, 1984. (See People ex rel. Schinitsky v Cohen, 34 AD2d 1020; Matter of Resnick v *243 Donald D., 84 Misc 2d 997; People ex rel. Arthur F. v Hill, 36 AD2d 42, affd 29 NY2d 17.)
The court is aware that its decision results in the release of the respondent from custody. The court also notes that the respondent will be 17 years of age on March 18, 1984, and has been in some form of restrictive placement for over a year and a half. Lastly, and assuming it was in the best interest of the respondent that she be continued in placement, this issue is not reached by reason of the court’s lack of jurisdiction.