■ MAUREEN MAHON et al., Respondents-Appellants, v. FRANK GIORDANO, Appellant, and CHRYSLER LEASING CORP. et al., Respondents.— Judgment in an action for personal injuries, unanimously modified, on the facts and law, to the extent of deleting the second decretal paragraph of said judgment and directing a new trial as to the defendants Chrysler Leasing Corp. and Frances Brown, and, as so modified, affirmed, with $50 costs and disbursements to abide the event. Three automobiles were involved in this accident, one of them operated by plaintiff Edward Mahon with his wife as a passenger. In a trial wherein liability was the only issue, the jury found defendant Giordano liable and exonerated defendant Frances Brown, who had been operating a car owned by defendant Chrysler Leasing Corp. In the case of plaintiff Maureen Mahon against Frances Brown, the disputed issue was the driving of Mrs. Brown and Mr. Mahon. The police reports incorporated Mrs. Brown's version of the accident. In our judgment their admission was prejudicial error. The trial court ruled the fact that the reports were made in connection with police business was conclusive on their admissibility. The records reflected statements of the defendant Brown and the authorities are clear that police reports are not admissible to establish the main fact where the information contained in the police records is hearsay. (*Johnson* v. *Lutz*, 253 N. Y. 124; *Yeargans* v. *Yeargans*, 24 A D 2d 280; *Gutin* v. *Mascali & Sons*, 11 N Y 2d 97; *Needle* v. *New York Rys. Corp.*, 227 App. Div. 276.) Admissions or prior inconsistent statements or declarations against interest are not involved. (See *Kelly* v. *Wasserman*, 5 N Y 2d 425; *Chemical Leaman Tank Lines* v. *Stevens*, 21 A D

2d 556; *Zaulich* v. *Tompkins Sq. Holding Co.,* 10 A D 2d 492.) Mrs. Brown's version of the accident was exculpatory: it was not an admission against interest. The officers' credibility was not in issue: they had recorded facts conveyed by Mrs. Brown of which they had no personal knowledge. One of the vices of the reports is they appeared to the jury as official determinations after an investigation. (*Wilson* v. *Bungalow Bar Corp. of America,* 285 App. Div. 1191.) A majority of the court feels that in the exercise of discretion, the court should have permitted testimony with respect to Mrs. Mahon's condition of retrograde amnesia. A stipulation that if the doctor were called he would testify without conceding the truth thereof that Mrs. Mahon was suffering from retrograde amnesia and therefore was unable to testify about the accident was not an adequate substitute for this proof. (*Counihan* v. *Werbelovsky's Sons,* 5 A D 2d 80, 83–84.) Concur — Stevens, J. P., Eager, Capozzoli, McGivern and McNally, JJ.