THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES SCHINITSKY, Law Guardian, on Behalf of KENNETH D. [ANONYMOUS] (an Infant), Appellant, v. A. ALFRED COHEN, as Superintendent of Warwick State Training School for Boys, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Orange County, dated December 30, 1969 and entered January 5, 1970, which dismissed the writ. Judgment reversed, on the law and the facts, without costs, and the minor on whose behalf the proceeding was brought is ordered discharged from custody. The person in question in respondent's custody, a juvenile adjudicated to be a person in need of supervision, was placed in a State training school for an initial period not to exceed 18 months. No extension was made on November 10, 1968, when this period expired (cf. Family Court Act, § 756), but 10 months later the respondent applied for a 12-month extension of placement, effective retroactively, alleging that clerical error had caused the delay. On September 11, 1969 the Family Court granted the application as of November 10, 1968, and the relator appealed from the order entered thereon. Subsequent extensions were ordered and the juvenile is presently confined in respondent's custody. While the appeal from that order was pending, the relator commenced the instant habeas corpus proceeding, alleging that the juvenile's initial placement had been improperly extended. We find in the circumstances of this case reasons of practicality and necessity which warrant departure from traditional orderly proceedings, such as appeal (cf. *People ex rel. Keitt* v. *McMann,* 18 N Y 2d 257, 262). Although the pendency of an appeal by a defendant from a judgment of conviction renders proper the dismissal of his collateral writ of habeas corpus (see *People ex rel. Cruz* v. *Deegan,* 30 A D 2d 976), we do not apply this rule to the detained person in this case, who is not a convicted criminal seeking to vacate a judgment of conviction while his appeal therefrom

is pending, but a juvenile in need of supervision who is seeking to be freed from unlawful detention. In our opinion habeas corpus is a proper remedy in the present case. Juvenile court proceedings "resulting as they do in a loss of personal freedom, are at the very least quasi-criminal in nature" (*Matter of Gregory W.*, 19 N Y 2d 55, 62; see, also, *Matter of Aaron D.*, 30 A D 2d 183, 184; *Matter of Gault*, 387 U. S. 1). To this extent section 756 of the Family Court Act is quasi-criminal in nature, at least so far as due process is concerned. Penal laws are to be strictly construed (*People* v. *Shakun*, 251 N. Y. 107, 113). A strict construction of section 756 requires that, if the initial period of placement is to be extended, the extension must be made at the expiration of such period. In the case at bar the Family Court extended the initial period of placement 10 months after it had expired by making its order of extension effective as of the date of expiration of the initial order of placement. In our opinion the jurisdiction of the Family Court over the juvenile herein terminated upon the expiration of the initial period of placement without extension. Consequently, the Family Court lacked power to extend the intial period of placement *nunc pro tunc* (cf. *Mohrmann* v. *Kob*, 291 N. Y. 181, 186). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.