Stanley iGartenstein, J.
As so often occurs when the root causes of problems brought to this court are the same, this proceeding again demonstrates -the impossibility of drawing a definitive line of demarcation between the various petitions auth *568 orized by the Family Court. In this instance, an interaction between the neglect and abuse proceedings of article 10 of the Family Court Act and the PINS (person in need of supervision) provisions of article 7 is presented.
The child Morris was adjudged to be neglected by this court in proceedings against his stepfather on February 28, 1972 and placed in the home of his maternal great-grandmother by order entered on April 10, 1972 after investigation and report by probation. An order of protection against the stepfather to implement this placement was made final simultaneously therewith. This placement has since expired without timely application for renewal having been presented to the court.
On September 13, 1974, a petition was filed in this court by the maternal great-grandmother with whom Morris had been placed, pursuant to article 7 of the Family Court Act alleging that he is a person in need .of supervision because he left her home immediately prior to that date and was living with his mother and stepfather from whose home he had been removed by the prior order in the neglect proceedings. The Law Guardian moves to dismiss claiming legal insufficiency of the petition on its face. Clearly, if no legal compulsion and/or sanction existed by virtue of which Morris was mandated to live with ithe petitioner, it would be the height of sophistry to sustain the legal sufficiency of a petition alleging his return to his mother.
The obvious procedural device which would give the court jurisdiction is an extension of the neglect placement nunc pro tunc, an act which would in effect deem Morris to be in petitioner’s de jure custody at the time in question to the exclusion of the mother and stepfather.
The question of extension of placement nunc pro tunc has apparently been before the appellate courts in a definitive manner only once. In People ex rel. Schinitsky v. Cohen (34 A D 2d 1020), an extension of placement nunc pro tunc was vacated by an order of the Appellate Division reversing that of the Family Court. It is to be noted that the nunc pro tunc extension therein was in a PINS proceeding under article 7 in which the Appellate Division, following the United States Supreme Court’s reasoning in Matter of Gault (387 U. S. 1) to the effect that juveniles receive no legal or actual benefit from a dilution of constitutional rights otherwise available to adults, held that a deprivation of the juvenile respondent’s liberty by such extension of that placement which forcibly removed him from his normal surroundings was illegal, jurisdiction having been lost by expiration of the prior placement without timely extension,
*569 A situation in which an extension of placement nunc pro tunc is sought on behalf of a juvenile removed from his home in a neglect proceeding is clearly distinguishable from the facts in People ex rel. Schinitsky v. Cohen (supra) by virtue of the fact that whereas a juvenile before the court under article 7 in delinquency or PINS proceedings is there because of his own allegedly actionable conduct, a neglected child over whom jurisdiction is assumed under article 10 is there as the object of the proceeding for acts performed by others from which he requires protection. It is therefore the view of the court — and it can find no definitive appellate authority to the contrary — that Schinitsky did not foreclose an extension of placement nunc pro tunc for all proceedings under the Family .Court Act and that these extensions may be sought and granted where the original placement was pursuant to article 10.
This holding, however, does not remove the fatal defect in the proceeding before us. Morris is before the court charged under article 7 as a PINS. Thus, while we hold, that Schinitsky v. Cohen did not oust the court of jurisdiction to extend placement nunc pro tunc where that placement was under article 10 in neglect proceedings, we further hold that this ruling cannot have the effect of permitting entry via the back door by sleight of hand when same cannot be effectuated directly. The notion that there exists a sociological justification for trampling on a juvenile’s rights in the name of his “ best welfare ” is fallacious.
The petition which fails to allege actionable conduct on the part of respondent is dismissed. Motion granted.