Kenneth L. Shorter, J.
Under title III of article 19-G of the Executive Law, entitled Division for Youth, Edward Bennett, born July 15, 1957, was heretofore remanded to Warwick School for Boys for a period expiring November 15, 1974.
On this application for extension of placement it appears that on October 25, 1974 the court received Mise Form 3 (Rev 4667) entitled Request for Extension of Placement with reference to subject Edward Bennett which read in part as follows:
"TO: Family Court of the State of New York Within New York City County New York Juvenile Term
"FROM: Hugh Wallace, Supt. Warwick School for Boys Warwick, New York 10990
"Request is hereby made for extension of placement for 12 *201 additional months of the above-named child who was placed in the custody of this agency on 5-25-73, and whose placement expires on 11-15-74.”
In response thereto the court on November 1, 1974 issued a letter by mail advising subject’s foster mother of a hearing to be held November 21, 1974 in Family Court. We find no formal proof of service in the record nor has the mother appeared thereafter.
On November 21, 1974 a law guardian was appointed for the infant and placement was temporarily extended without a hearing. On January 16, 1975 the Legal Aid Society on behalf of the child formally opposed placement. On February 26, 1975 the court heard oral argument on the threshold question whether the court had authority to hold the child.
For this purpose we look back to the date of November 15, 1974 when original placement automatically expired. Subdivision (b) of section 756 of the Family Court Act provides: "Placement under this section may be for an initial period of eighteen months and the court in its discretion may, at the expiration of such period, make successive extensions for additional periods of one year each”.
We find that, although some correspondence concerning extension had been initiated as early as October 25, 1974; the first court appearance was scheduled for November 21, 1974 six days after placement had expired. We do not need to inquire into the validity of service under these circumstances.
Juvenile court proceedings resulting as they do in loss of personal freedom are at very least "quasi-criminal” in nature. (Matter of Gregory W, 19 NY2d 55.) Section 756 of the Family Court Act therefore is to be strictly construed in respect to due process.
It has previously been held that this court lacked power to extend placement nunc pro tunc 10 months after expiration (cf., People ex rel. Schinitsky v Cohen, 34 AD2d 1020). It has also been held that timely extension is invalid without due notice of hearing (cf., People v Hill, 36 AD2d 42). However, we do not fully adopt the broad language of our Second Department colleagues. This determination is limited to the facts herein involving a "closed” institution.
This court is not unaware that administrative and clerical problems may occasionally delay or obstruct extension proceedings without any individual fault. Nor are we so naive as *202 to deny that in the absence of objection marginal extensions of placement occur which might otherwise be subject to challenge.
However, personal freedom is at stake. Certainly whether an extension hearing takes place or not or whether the extension is of an interim nature or not, due process requires that valid opportunity for a hearing before the original placement expires must be given to the child or his guardian by notice duly served or acknowledged.
Accordingly, the motion is granted; the petition is denied; and Edward Bennett is discharged.