Donald J. Corbett, Jr.,
J. On October 28, 1975, a petition for a one-year extension of placement of a youth previously adjudicated a juvenile delinquent was before this court for initial appearance.
A finding of delinquency had been made and on April 15, 1974, an order was made from the Bench for placement for a period not to exceed 18 months. This order was reduced to writing, signed by the Judge and entered in the Family Court Clerk’s office on April 22, 1974. Neither the oral nor the written order specified in any decretal paragraph when the placement was to commence or terminate. The juvenile was actually transferred on April 30, 1974.
The issue now before this court is whether the application to extend the placement is timely. Specifically, the threshold question to be decided is when a placement commences in the absence of a specific provision therefor in the order of placement. This court finds that a placement commences on the date the order is entered rather than the date of the physical placement of the juvenile in the designated facility. Accordingly, the application for extending the placement is untimely.
Both section 752 of the Family Court Act, which deals with the court’s finding a youth to be a juvenile delinquent (or a person in need of supervision), and section 753, which provides for the dispositions permissible, upon an adjudication of juvenile delinquency, provide that "the court shall enter an order” respectively making the finding and/or ordering the disposition.
Subdivision (b) of section 756 of the Family Court Act *999 provides that: "Placements under this section may be for an initial period of eighteen months and the court in its discretion may, at the expiration of such period, make successive extensions of additional periods of one year each. The place in which or the person with which the child has been placed under this section shall submit a report at the end of the year of placement, making recommendations and giving such supporting data as is appropriate. The court on its own motion may at the conclusion of any period of placement hold a hearing concerning the need for continuing the placement.”
In Parsons v Parsons (82 Misc 2d 454) this court found that orders of disposition must be reduced to writing, signed and entered to have any effect. An order of disposition is not an order until entered.
Additionally, the time to appeal from an order commences 30 days after entry and service (Family Ct Act, § 1113). Thus, although the juvenile in the instant case did not commence his placement in the designated facility until April 30, 1974, when he was physically brought there, an appeal from the order directing his placement there would have had to have been commenced within 30 days from the date of entry of the placement order which was April 22, 1974.
It has been held that section 756 of the Family Court Act must be strictly construed by reason of the fact that juvenile court proceedings which result in a loss of personal freedom are at least quasi-criminal in nature (Matter of Gregory W., 19 NY2d 55, 62; see also, Matter of Aaron D., 30 AD2d 183, 184; Matter of Gault, 387 US 1).
It might be argued that the specific language used to describe the procedure for extending placement in the second and third sentences of subdivision (b) of section 756, previously quoted, infers that the applications and hearing with respect to extended placement should be made and had after the expiration of the placement period. However, the case law does not uphold such an interpretation and on the contrary, holds that there can be no extension of an expired placement.
In the Matter of Bennett (81 Misc 2d 200) decided in the Family Court, New York County in March, 1975, the placement was made for a period expiring on November 15, 1974. On October 25, 1974, the court received a request for an extension for an additional 12 months. The court sent the child’s foster mother a letter notifying her that a hearing would be held on the request on November 21, 1974. On that *1000 date, a law guardian was appointed and the court temporarily extended placement without a hearing. In January, 1975, the court heard argument on whether it had authority to hold the child.
This question was answered in the negative because the original placement automatically expired on November 16, 1974 and the next court appearance did not occur until six days after the expiration.
In People ex rel. Schinitsky v Cohen (34 AD2d 1020) the Appellate Division, Second Department, found (p 1021) that "(a) strict construction of section 756 requires that, if the initial period of placement is to be extended, the extension must be made at the expiration of such period.” A child was ordered discharged from custody upon a writ of habeas corpus because his original placement period expired on November 10, 1968 and was extended retroactively for an additional 12 months some 10 months later.
"In the case at bar the Family Court extended the initial period of placement 10 months after it had expired by making its order of extension effective as of the date of expiration of the initial order of placement. In our opinion the jurisdiction of the Family Court over the juvenile herein terminated upon the expiration of the initial period of placement without extension. Consequently, the Family Court lacked power to extend the initial period of placement nunc pro tunc (cf. Mohrmann v Kob, 291 N. Y. 181, 186).” (People ex rel. Schinitsky v Cohen, supra, p 1021.)
This court, therefore, finds that the placement expired on October 22, 1975, 18 months from April 22, 1974, when the placement order was entered. The application to extend the placement made on October 28, 1975, six days after the placement expired was untimely and this court has no authority to entertain the extension application and orders the child released. (Matter of Bennett, supra; People ex rel. Schinitsky v Cohen, supra.)
The petition for extension of placement is accordingly denied and the matter now pending before this court dismissed.