■ In the Matter of NELLY O., a Person Alleged to be in Need of Supervision, Appellant.—Order, Family Court, New York County, entered March 19, 1975, adjudicating respondent to be a Person in Need of Supervision and placing her on suspended judgment and order of said court, entered November 29, 1974, determining that the respondent juvenile had struck her mother on two occasions, had absconded from home and had absconded from Callagy Hall Annex, unanimously affirmed, without costs and without disbursements. Study of the record discloses that the juvenile respondent absconded from home for a two-day period, struck her mother on this and on a previous occasion and had run away from Callagy Hall where she had been remanded by the court. These indiscretions occurring over a period of several days patently do not fall within the rationale of cases holding that a *single* instance of wrongful conduct cannot provide a basis for a PINS adjudication (see *Matter of Raymond O.,* 31 NY2d 730; *Matter of Richard K.,* 35 AD2d 716). Clearly, the respondent juvenile, a 13-year-old girl, exhibited conduct directly involving the parent-child relationship and demonstrating that she was beyond parental control. For the Family Court to have refrained from acting until further incidents occurred would have been to disregard its clear duty to the child and her parents. The circumstances delineated in the record of this case fully justify the disposition arrived at by the Family Court. Concur—Kupferman, J. P., Lupiano, Lane, Nunez and Lynch, JJ.

■ BEA MILLER, Appellant, v H. C. BOHACK Co., INC., et al., Respondents.—Judgment, Supreme Court, New York County, entered on May 30, 1975, upon a jury verdict, unanimously affirmed, without costs and without disbursements. In this action for damages for personal injuries, arising out of an automobile and truck collision which occurred June 13, 1968, the jury returned a verdict in favor of the defendant. While it was error to admit into evidence the statement of defendant Amico, the driver of the truck, as given to Patrolman Nicholson at the scene of the accident *(Mahon v Giordano,* 30 AD2d 792), it is concluded in the circumstances of this case that such error was harmless and did not affect the result. The statement in certain respects merely confirmed aspects of the plaintiff's version of the accident as did Amico's testimony at the trial, which essentially was the same as the statement. Patrolman Nicholson also testified to the physical characteristics of the area, including the area where plaintiff testified she stopped prior to entering the highway and what trees and shrubbery were in the immediate vicinity. From plaintiff's testimony as to where she stopped, there could be a serious question as to whether she had an unobstructed view of the highway as claimed, and if she did have such a view, how she did not see what apparently was there to be seen, viz. the oncoming truck. The jury verdict specifically found "the defendant not liable because of contributing negligence on the part of the plaintiff", which again indicates that the error in receiving Amico's statement to the officer did not influence or lead to the verdict. Concur—Stevens, P. J., Birns, Silverman, Capozzoli and Lynch, JJ.