M. Holt Meyer, J.
Respondent was adjudicated to be a juvenile delinquent by this court and placed with the New York State Division for Youth (DFY) pursuant to title III of article 19-G of the Executive Law, on August 29, 1974 follow *867 ing a finding by this court that the acts committed by him if committed by an adult would constitute a violation of subdivision 2 of section 125.25 of the Penal Law, murder in the second degree. Said placement was for a period of 18 months, terminating on February 28, 1976.
On October 24, 1975 respondent was released by DFY on parole to his mother and has lived at home since that date receiving the services and support of a DFY aftercare worker.
On February 13, 1976 DFY filed a petition dated February 5, 1976 with this court requesting a 12-month extension of placement of the respondent in accordance with article 7 of the Family Court Act.
The stated reason for the requested extension is that respondent and his family could benefit from the continued services and support provided by the DFY worker in assisting Darren’s adjustment at home and in the community which appears thus far to have been favorable. Darren does not oppose DFY’s petition for the extension of placement but his Law Guardian , asserts that because the clerk did not place the petition before the court until March 11, 1976, 12 days after termination of placement, the court lacks jurisdiction to grant the petition nunc pro tunc.
Respondent cites two cases in support of his position, People ex rel. Schinitsky v Cohen (34 AD2d 1020) and Matter of Bennett (81 Misc 2d 200). In Schinitsky v Cohen, the application by DFY for extension of placement was not made until 10 months after placement terminated. In the instant case the petition was timely made and filed. Petitioner was in no way negligent or at fault. Any fault or neglect lies with the clerk of the court in failing to calendar the petition before placement terminated. Surely petitioner and respondent, who does not object to the extension of placement, should not be penalized for a clerical error. More important, Schinitsky v Cohen involved a juvenile who was in confinement at the time the action was commenced and the Appellate Division, following Matter of Gault (387 US 1), held that a deprivation of the juvenile respondent’s liberty by the nunc pro tunc extension of placement was illegal. No such deprivation of liberty is at stake here. In fact, respondent has no objection to the extension of placement.
Furthermore, even if placement is extended, respondent could not be summarily returned to a "closed” institution, but must remain on a parole status unless, after a full due process *868 hearing, he is found to have violated the conditions of his parole. (People ex rel. Silbert v Cohen, 29 NY2d 12.)
Personal freedom was also at stake in Matter of Bennett (supra). Indeed, the court in that case stated that its determination to deny the request for extension of placement was (p 201) "limited to the facts herein involving a 'closed’ institution.” The court in Bennett also stated (pp 201-202): "Nor are we so naive as to deny that in the absence of objection marginal extensions of placement occur which might otherwise be subject to challenge.” (Emphasis added.) Such is the case at bar.
Accordingly the petition is granted and placement extended for 12 months nunc pro tunc February 28, 1976.