In the Matter of BRIAN B., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, in which appellant was adjudicated a juvenile delinquent and placed with the Division for Youth, Title III, for 18 months, by order of the Family Court, Kings County, dated June 18, 1974, the appeal is from a further order of the same court, dated January 14, 1976, which, after a hearing, extended appellant's placement with the Division for Youth until December 17, 1976. Order affirmed, without costs or disbursements. On June 18, 1974 appellant was adjudicated a juvenile delinquent and placed, for a period of 18 months, in the custody of the Division for Youth, Title III. Appellant was thereafter confined at Warwick and at the Goshen Center for Boys until October 24, 1975, at which time he was released to the care of his mother. By a petition dated November 21, 1975, a youth counselor with the Division for Youth applied for a one-year extension of appellant's placement. This petition was received by the Deputy Administrative Judge of the City of New York, Family Division, on November 25, 1975, 23 days *before* the expiration of the original order of placement. However, the matter did not get on the Family Court Calendar until December 30, 1975, 13 days *after* the initial placement expired, at which time a Law Guardian was assigned and the case was adjourned to January 14, 1976. The extension of placement hearing was held on January 14, 1976. At that time the Law Guardian objected to an extension of placement on the ground that the court was without jurisdiction since the placement had expired on December 17, 1975, 13 days before the case was calendared. The Family Court, however, held that where an application is timely received, but not acted upon until shortly following the expiration of placement, it retains jurisdiction. We agree. Subdivision (b) of section 756 of the Family Court Act provides that placements "may be for an initial period of eighteen months and [that] the court in its discretion may, *at the expiration* of such period, make successive extensions for additional periods of one year each" (emphasis supplied). Clearly, the statute contemplates that extensions of placement shall take place at the end of the initial period of placement. Appellant, however, relies upon this court's decision in *People ex rel. Schinitsky (Kenneth D.) v Cohen* (34 AD2d 1020) for the proposition that, unless the extension of placement occurs before the expiration of the initial period, the jurisdiction of the Family Court to make such an extension is terminated. Since extensions of placement are to be made "at the expiration" of the initial period of placement, the logical result of appellant's position would be a rule that all extensions must occur on the final day of the initial period of placement. Obviously, no such absurdity was intended by this court in *Cohen,* where the application for an extension of placement was not made until 10 months after the initial period of placement had expired. Placement was thereafter extended, *nunc pro tunc,* and this court held that the Family Court lacked jurisdiction to make such an extension. In the case at bar, the application for an extension was made well in advance of the termination date of the initial period. There was no administrative delay. We hold that where an application for extension of placement

pursuant to subdivision (b) of section 756 of the Family Court Act is received by the Family Court prior to the expiration of the initial period of placement, the Family Court retains jurisdiction beyond the expiration of the said initial period for the purpose of extending such placement. We have considered appellant's other arguments and find them to be without merit. Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.