Joseph Rosenzweig, J.
On May 7, 1975, the infant herein was placed with the Commissioner of Social Services for a period of 18 months after an admission by the respondent to involuntary neglect and a finding based thereon. Said placement would normally have expired on November 7, 1976. On November 15, 1976, the commissioner filed a petition for a one-year extension of placement dated November 10, 1976. On November 29, the matter came on for hearing and respondent objected to the requested extension. An attorney was assigned to represent her and the matter was adjourned to January 17, 1977, the court extending the placement without a hearing to the adjourned date. On that date counsel appeared and requested an adjournment since he had not been provided with a copy of the petition, but specifically reserved respondent’s rights to object to the proceeding on the ground of timeliness. The matter was again adjourned to February 28 and then to March 31, placement being extended on each occasion, and counsel moving to dismiss the petition on the grounds that it had not been timely filed and that there was, in fact, no placement, in existence to be extended.
Counsel for petitioner contends that the court, by the tem *1061 porary extension granted on November 29, 1976, held that the court had proper jurisdiction and that respondent cannot now raise that question. Rather, it is his contention that respondent’s only available remedy would have been an appeal from that interim order. Leaving aside the question of whether an appeal from such a nonfinal order would have been available, a cursory examination of the chronology of this proceeding clearly shows the "Catch 22” nature of this position. Respondent did not appear with counsel on the first date, an attorney having to be furnished to her. And such counsel did not appear until January 17, 1977, more than 30 days after the first temporary extension was made. Thus, the time to appeal had already lapsed. Petitioner’s argument, if adopted, would mean that a poor respondent would have to either waive her right to counsel or her right to appeal in any case where the first adjournment of an application was for more than 30 days, as it almost always must be. Such a position is equally repugnant both to the Constitution and to common sense.
The court now turns, then, to the question raised by respondent: namely, must a petition for an extension of placement be filed prior to the expiration for the court to exercise jurisdiction? The relevant statute, section 1055 (subd [b], par [i]) of the Family Court Act provides: "Placements under this section may be for an initial period of eighteen months and the court, in its discretion, may, at the expiration of that period, upon a hearing, make successive extensions for additional periods of one (1) year each. The place in which or the person with whom the child is placed under this section, shall submit a report at the end of the initial period of placement and at the end of the period of a placement extension, making recommendations and giving such supporting data as is appropriate.”
Paragraph (ii) provides: "No placement shall be extended or continued pursuant to this subdivision except upon a hearing held concerning the need for extending or continuing a placement. Such hearing shall be held upon the court’s own motion or upon the motion of the person, agency or institution with whom the child was placed or of the foster parent or parents in whose home the child resided during the period of placement.”
It is obvious that a literal compliance with this statute in terms of time is impossible, since the filing of the required report, the holding of the hearing, and the decision of the court would literally all have to take place on the last day of *1062 the placement, no earlier and no later. The question to be decided, then, is whether certain of the required acts must be taken before the statute requires them, or whether they may be performed in a reasonable period thereafter. Counsel for respondent has stated in his memorandum of law that there are no appellate authorities dealing with this question, and this court has been unable to discover any.
Respondent argues that, because of the virtual identity of wording between section 1055 and section 756 of the Family Court Act (dealing with placement of juveniles in delinquency proceedings), the court should adopt the holdings under that latter section as controlling under section 1055. There is no question but that, were this in fact a delinquency proceeding, the petition for extension of placement would have to be dismissed. (People ex rel. Schinitsky v Cohen, 34 AD2d 1020; Matter of Resnik v Donald D., 84 Misc 2d 997; Matter of Bennett, 81 Misc 2d 200.)
There is, however, a basic and pervasive distinction which must be drawn between these cases and the case at bar. That distinction lies in the nature of the proceedings involved. We have before us a child neglect proceeding, in which the interest and well-being of the child are the paramount concern. Delinquency proceedings, on the other hand, are at very least "quasi-criminal” in their nature and involve a deprivation on the part of the child of his personal freedom. Accordingly, section 756 must be strictly construed. (Matter of Gregory W., 19 NY2d 55; Matter of Gault, 387 US 1.)
Neglect proceedings, on the contrary, do not involve any deprivation of a child’s liberty. Placements thereunder are not restrictive but protective, both technically and factually. (As to the question of any restrictive nature, it might be noted that the placement herein was made when the child was less than two years old, and was to a foster home where the mother has been regularly visiting her.) Accordingly, it is the opinion of this court that section 1055, unlike section 756, must be liberally construed in the best interests of the child. Such a construction, which the court now adopts, leads irresistibly to the conclusion that an application for extension of placement in a neglect proceeding may be made during a reasonable period either before or after the expiration date. (See the decision of Gartenstein, J., in Matter of Morris W, 79 Misc 2d 567.)
The instant delay of eight days in filing the petition cannot *1063 be deemed to be unreasonable as a matter of law, and in view of this opinion, the motion to dismiss for untimeliness is denied.