OPINION OF THE COURT
Stanley Gartenstein, J.
On May 9, 1983, respondent was found to have committed an act which would be a crime if committed by an adult, viz., trespass in the third degree (Penal Law § 140.10), a class B misdemeanor. At a dispositional hearing this finding was "reduced” and he was adjudicated a person in need of supervision (PINS), pursuant to the terms of Family Court Act § 716 (a) (since reenacted as § 311.4) then in effect which authorized this disposition. Respondent was then placed with the Division for Youth in a so-called "Title II” facility. This placement expired on August 1, 1984. It was extended upon proper application without opposition for an additional year to July 31, 1985.
The Division for Youth again seeks extension of placement which is now opposed by respondent. On the original return date, it was not ready to proceed. The matter was adjourned to September 3 with a final marking against the Division; and placement extended without prejudice upon its application to this date, the 34th day subsequent to the filing of the petition *716 for extension. On the adjourned date, the Division was again not ready and again requested an adjournment and temporary extension of placement without prejudice to a further adjourned date.
Respondent moves to dismiss on jurisdictional grounds relying upon Family Court Act § 355.3 (5) which reads: "the court may enter a temporary order extending a period of placement for a period not to exceed thirty days upon satisfactory written proof showing probable cause for continuing such placement and that a temporary order is necessary. Such temporary order shall not be renewable. ” (Emphasis added.)
discussion: Until July 1, 1983, both juvenile delinquency and PINS proceedings were governed by Family Court Act former article 7. The enactment of the Juvenile Justice Procedure Act (L 1982, ch 920) established a new article 3 to govern delinquency proceedings and left article 7 solely applicable to PINS matters.
Article 3 established for the first time, certain restrictions on the court’s right to extend placement in a delinquency case, and particularly on its authority to do so pending a hearing. Section 355.3 (5) represents a response to what the Legislature perceived to be a potentially abusive deprivation of liberty without hearing for periods which might theoretically stretch indefinitely.
The enactment of this section left almost intact section 756 (b) formerly applicable both to delinquencies and to PINS matters. It is apparent that the Legislature believed it was bringing article 7 into harmony with article 3 — in effect, supplementing its terms — by simply deleting the former references to delinquencies from its terms. In contradistinction to section 355.3 (5), the terms of section 756 (b) are general and contain no restriction such as may be found in that statute.
As matters now stand this obvious legislative oversight creates a situation in which section 756 (b) could have the effect of allowing a greater deprivation of liberty by way of placement for a PINS child than for the more serious delinquency offender.
The question of whether a juvenile delinquent whose case has been reduced to a PINS under former section 716 (a) is to be treated for purposes of extension of placement as a delinquent governed by Family Court Act § 355.3 (5) in deference to the original finding or as a PINS, carrying forth the reduced charge, was never decided under the old statutory scheme *717 because the same statute governing extensions was applicable to both. We respectfully believe that once the underlying umbrella proceeding has been "reduced”, the legal posture of the case must be carried forward in this form. Indeed, the Division urges this position upon us together with its corollary, viz., that the 30-day restriction of Family Court Act § 355.3 (5) is not applicable, thus leaving the court free to exercise unrestricted jurisdiction under section 756 (b). Sheer logic would dictate that whether the court applies section 355.3 (5) outright or simply reads its restrictions into the general provisions of section 756 (b), that, presented with this application on the 34th day, it is without jurisdiction. The Division urges application of section 756 (b) free of any restrictive judicial construction. In substance, it asks the court to impose a longer deprivation of respondent’s liberty upon him because the ultimate original disposition adjudged him to be a noncriminal status offender as opposed to a juvenile delinquent. Certainly, this proposed course of action would confer a strange reward upon a respondent who has previously received the "benefit” of a reduced finding.
The notion that a court may trample a juvenile’s right to liberty in the name of his so-called "best interests” was declared a sham as far back as In re Gault (387 US 1). Nevertheless, some 20 years later this bankrupt argument continues to be advanced in a new incarnation. This court has not been constituted to evade the spirit of Gault but to be guided by it. We hold, faced with a legislative omission of the 30-day stricture contained in Family Court Act § 355.3 (5) from Family Court Act § 756 (b), that this limitation must of necessity be read in as a matter of law. It is impossible to attribute to the Legislature a design to facilitate a greater potential for deprivation of liberty for an offense which has no criminal overtones than for one which does. The Court of Appeals has in fact indicated that in no event should judicial sanctions for noncriminal status offenses approach either in nature or quality, those which may be imposed in delinquency matters. (Cf. Matter of Ellery C., 32 NY2d 588.) We respectfully believe the legislative intent to remedy potentially abusive extensions of placement without hearing to be clear. Accordingly, the omission of restrictive language applicable to PINS matters in the general overhaul of articles 3 and 7 may and properly should be remedied by reading these provisions into section 756 (b) (cf. Campbell v Hallihan, 46 Misc 409; Matter of Beneficial Fin. Co. [Skinner], 43 Misc 2d 546; Stan *718 dard Acc. Ins. Co. v Newman, 2 Misc 2d 348, affd 268 App Div 967).
From its very inception, the juvenile justice system has struggled to maintain credibility in the face of a perception by the legal community that semantics, legal fictions and social work platitudes are too often advanced to justify outrageous results which would be impossible in the adult criminal justice system. This case does nothing to dispel this notion. The underlying crime herein was a class B misdemeanor carrying a maximum exposure in the adult criminal justice system of 90 days’ incarceration. This respondent has already been deprived of his liberty for two full years — not to mention the additional year now requested — all in the name of his "best interests.” It would be untoward to damage the credibility of this court by hiding behind noble sounding verbiage to extend this deprivation any further.
The application for temporary extension of placement is denied. Temporary placement pending hearing on the merits having lapsed, the court is without jurisdiction to hear the petition-in-chief. (People ex rel. Schinitsky v Cohen, 34 AD2d 1020; Matter of Carmen R., 123 Misc 2d 238.) Accordingly, the within proceeding is dismissed.