*757 OPINION OF THE COURT
Richard N. Ross, J.
Petitioner filed a proceeding pursuant to article 7 of the Family Court Act to have her 13-year-old daughter adjudicated a person in need of supervision (PINS). The petition alleged that the respondent absconded from home on four occasions, was truant from school, smoked cigarettes, drank alcohol, and was disobedient and beyond petitioner’s control. The respondent moved to dismiss the petition as jurisdiction-ally defective on the grounds that it failed to satisfy the pleading requirements set forth in Family Court Act § 732 (a) and was not supported by nonhearsay factual allegations sufficient to establish the prima facie commission by the respondent of every element of the alleged behavior. The petitioner argued that the petition satisfied the jurisdictional requirements of the Family Court Act and cross-moved to amend the petition pursuant to CPLR 3025 (b), which provides: "A party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances.”
The petitioner’s cross motion to amend the petition is denied and the respondent’s motion to dismiss the petition is granted.
The petition contains six allegations as follows: (1) "Respondent absconded from the home on May 18, 1992. Whereabouts are unknown;” (2) "Respondent has absconded three times in the past;” (3) "Respondent is truant from school;” (4) "Respondent smokes cigarettes;” (5) "Respondent drinks alcohol;” and (6) "Respondent is disobedient and beyond petitioner’s control.” Only the first of these allegations is sufficiently specific to satisfy the pleading requirements of Family Court Act § 732 (a). That section requires a PINS petition to set forth the particular acts alleged to demonstrate the respondent’s habitual truancy, incorrigibility, ungovernability, or habitual disobedience and to specify the time and place of the alleged acts. (See also, Matter of Reynaldo R., 73 Misc 2d 390 [Fam Ct, Kings County 1973]; Matter of Andrew R., 115 Misc 2d 937 [Fam Ct, Richmond County 1982].)
Allegations 2, 3, 4, 5, and 6 of this petition fail to meet the statutory requirements of Family Court Act § 732 (a). Allegation 2 states that the respondent has absconded from home *758 three times in the past. It is not sufficient for a PINS petition to allege that the respondent has absconded on some unidentified occasion. Family Court Act § 732 (a) requires the petition to state, at the very minimum, the date of the alleged absconding; otherwise, the respondent has no information with which to begin to prepare a defense to the charge. Allegations 3, 4, and 5 of the petition, charging the respondent with truancy from school and with smoking cigarettes and drinking alcohol, are similarly deficient. The dates of the truancy are not alleged; as with allegation 2, the respondent has been given no information with which to defend against the charge. (See, Matter of Reynaldo R., supra, at 394.) Moreover, neither the court nor the respondent can reasonably assume that the omission of the dates indicates that the alleged truancy has been habitual. As to the alleged drinking of alcohol and smoking of cigarettes, this court finds no legal authority for the proposition that smoking cigarettes, however harmful, is behavior indicative of a respondent’s "incorrigibility” or "ungovernability”; furthermore, the allegations as to smoking and drinking in this petition lack the specificity required by Family Court Act § 732 (a). Allegation 6, alleging that the "Respondent is disobedient and beyond petitioner’s control” must also fall for facial insufficiency. This allegation is conclusory and fails to articulate any specific acts upon which to base a PINS adjudication. (See, Matter of Andrew R., supra; Matter of Reynaldo R., supra.)
It has been long settled that a single act cannot form the basis for an adjudication that an individual is a person in need of supervision. (Matter of Raymond O., 31 NY2d 730 [1972]; Matter of David W., 28 NY2d 589 [1971]; see also, Matter of Richard K., 35 AD2d 716 [1st Dept 1970]; Matter of Denise M. W., 122 AD2d 556 [4th Dept 1986]; Matter of Erik P., 42 AD2d 908 [2d Dept 1973]; Matter of Anna "AA ”, 36 AD2d 1001 [3d Dept 1971]; cf., Matter of Nelly O., 51 AD2d 910 [1st Dept 1976].) Because, as noted above, allegation 1 is the only allegation in this petition that satisfies the requirements of Family Court Act § 732 (a), the petition must therefore be dismissed unless it can be amended.
The petitioner argues that amendments to the petition should be permitted pursuant to CPLR 3025 (b). The CPLR may be applied to Family Court proceedings where appropriate and as determined on a case-by-case basis. (Family Ct Act § 165 [a]; Matter of Schwartz v Schwartz, 23 AD2d 204 [1st Dept 1965], after remand 48 Misc 2d 859 [Fam Ct, NY County *759 1965]; Matter of Carla L., 45 AD2d 375, 381 [1st Dept 1974].) This court does not agree with petitioner’s contention that application of the CPLR is appropriate for the purpose suggested in the instant proceeding.
Article 7 is silent on the issue of amending PINS petitions. However, it is clear that, as with juvenile delinquency proceedings filed pursuant to Family Court Act article 3, PINS proceedings filed pursuant to article 7 raise significant potential for interference with a juvenile’s constitutionally protected liberty. (In re Gault, 387 US 1 [1967]; Matter of Cecilia R., 36 NY2d 317 319-320 [1975]; People ex rel. Schinitsky v Cohen, 34 AD2d 1020 [2d Dept 1970].) And, as with juvenile delinquency proceedings, PINS proceedings have been described as quasi-criminal in nature. (Matter of Gregory W., 19 NY2d 55 [1966]; People ex rel. Schinitsky v Cohen, supra; Matter of Andrew R., supra; Matter of George C, 91 Misc 2d 875 [Fam Ct, NY County 1977]; Matter of Keith H., 150 Misc 2d 470 [Fam Ct, Dutchess County 1990].) For example, the Family Court Act provides for prepetition detention in PINS cases (Family Ct Act §§ 720, 728 [b]), and detention during the pendency of the proceeding (Family Ct Act § 739; see also, Family Ct Act §§ 304.1, 307.4, 320.5). In the instant case, in fact, the respondent was remanded to the New York City Commissioner of Social Services during the initial stages of the proceeding. The Act also contemplates the placement of a person adjudicated to be in need of supervision with a facility designated by the Commissioner of Social Services for an initial period of up to 18 months, and extensions of such placement without the respondent’s consent until the respondent’s eighteenth birthday. (Family Ct Act § 754 [1] [c]; §§ 756, 756-a; see also, Family Ct Act §§ 352.2, 353.3, 353.4, 353.5.) In addition, the Family Court may issue a warrant for the arrest of a respondent in both PINS and juvenile delinquency proceedings. (See, Family Ct Act §§ 725, 312.2.) Moreover, many of the due process standards applicable to juvenile delinquency proceedings apply in article 7 PINS proceedings. The same evidentiary standards and quantum of proof are required at fact-finding and dispositional hearings. (Family Ct Act §§ 744 and 342.2 [fact-finding hearings], §§ 745 and 350.3 [dispositional hearings]; see also, In re Winship, 397 US 358 [1970]; Matter of Iris R, 33 NY2d 987 [1974]; Matter of Richard S., 27 NY2d 802 [1970].) Similarly, the provisions of Family Court Act article 7 parallel the provisions in Family Court Act article 3 with respect to the grounds for pretrial *760 detention (Family Ct Act § 739 [a]; § 320.5), the inadmissibility of statements made during preliminary conferences (Family Ct Act §§ 735, 308.1) and speedy trial (Family Ct Act §§ 747, 748, 340.1).
In view of the foregoing, courts may look to article 3 for guidance in deciding issues on which article 7 is silent in order to identify the procedural safeguards that will assure essential due process rights in article 7 proceedings. Family Court Act § 311.5 (1) provides that the court may order the amendment of a juvenile delinquency petition "[a]t any time before or during the fact-finding hearing * * * upon application of the presentment agency and with notice to the respondent and an opportunity to be heard.” Such amendments, however, are permitted only with respect to defects, errors, or variances from the proof and only when they do not "tend to prejudice the respondent on the merits.” (Family Ct Act § 311.5 [1].) Family Court Act § 311.5 (2) specifically excludes amendments to the petition for the purpose of curing either a failure to charge or state a crime or legal insufficiency of the factual allegations. (Matter of Detrece H, 78 NY2d 107 [1991] [precluding the supplemental use of depositions to remedy facial insufficiency in juvenile delinquency petitions].) The application of this section’s principles to the issue of amending article 7 petitions would prohibit amendment of the instant petition and, in light of the need to safeguard the respondent’s due process rights and constitutionally protected liberty, is a more appropriate approach to the issue of amendment than applying the CPLR. An otherwise impermissible restriction of the respondent’s constitutionally protected interests cannot be justified merely because the restriction is for a rehabilitative or a protective purpose. (In re Winship, supra.) As the Court in Winship said: "civil labels and good intentions do not themselves obviate the need for criminal due process safeguards in juvenile courts.” (In re Winship, supra, at 365-366.)
It is not necessary, in view of the Court’s holdings above, to decide the issue of whether the instant petition must be dismissed if it failed to state nonhearsay factual allegations sufficient to establish respondent’s prima facie commission of every element of the behavior alleged.
Finally, the petitioner points out that she depended on Bronx Family Court petition room clerks to draft the instant petition and suggests that leave to amend should be liberally granted as a remedial mechanism for the alleged deficiencies in their performance in this regard. The petitioner has offered *761 no legal authority in support of this position, however. This court recognizes that "PINS petitions should never be granted or drawn automatically * * * [and it may be that a PINS petition] could have been effectively prevented at the intake level by a more exhaustive inquiry into the facts” (Matter of Reynaldo R., 73 Misc 2d, at 394, supra).
The petition is dismissed.