■ In the Matter of CHARLES B., a Person Alleged to be in Need of Supervision, Appellant. NEW YORK STATE DIVISION FOR YOUTH, Respondent. [619 NYS2d 205] —Casey, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered September 20, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to extend respondent's placement.

At issue on this appeal is whether Family Court had jurisdiction in a proceeding involving a person in need of supervision to consider petitioner's application to extend placement after the expiration date of the original placement. The application to extend placement was filed more than 60 days before the expiration of the original placement and the return date was scheduled prior to the expiration. When respondent was not produced on the return date, apparently due to a lack of transportation, it was agreed by those present in court, including respondent's Law Guardian, that an adjournment was necessary, and Family Court adjourned the matter to a date which was approximately 20 days after the expiration of the original placement. On the adjourned date, all parties appeared and a hearing was scheduled for approximately three weeks later. Prior to the hearing, respondent moved to dismiss the petition for lack of jurisdiction. Family Court denied the motion and thereafter granted the petition and extended respondent's placement with petitioner for six months, resulting in this appeal by respondent.

Pursuant to Family Court Act § 756-a (e), a petition to extend placement must be dismissed if a decision is not rendered within the period of placement or any temporary extension thereof. Pending a final decision, Family Court is authorized to enter one or more temporary orders extending placement, provided that no single temporary order exceeds 30 days and the aggregate total of temporary extensions cannot exceed 45 days (Family Ct Act § 756-a [e]). Respondent contends that Family Court failed to enter any temporary order of extension and, therefore, the petition should have been dismissed upon the expiration of the original placement. Petitioner contends that temporary orders of extension were necessarily included in Family Court's adjournments to dates beyond the expiration of the original placement but within 45 days thereof. We agree with petitioner.

When a petition for an extension of placement is pending, Family Court has three options: (1) make a final decision prior to the expiration of the original placement, (2) dismiss the

petition upon the expiration of the original placement, or (3) enter a temporary order of extension. A proceeding to extend placement cannot continue past the expiration without a temporary order of extension. Family Court neither made a final decision before the expiration of the original placement nor dismissed the petition upon expiration of the original placement. Instead, the court continued the proceeding to an adjourned date subsequent to the expiration of the original placement. In so doing, the court necessarily elected the third option available to it and, therefore, its orders fixing the adjourned dates must also be viewed as temporary orders of extension. Family Court Act § 756-a (e) specifies neither the form nor the content of a temporary order of extension. Nor do the rules applicable to Family Court (22 NYCRR part 205) contain any relevant requirements. That the orders entered by Family Court herein were oral and described the relief granted therein as an adjournment, instead of using the words "temporary order of extension", were merely matters of form, not substance, and should not deprive the court of jurisdiction. We note that the petition for extension demonstrates probable cause for continuing the placement and the need for the extension was the same as the need for the adjournments, thereby satisfying the requirements for a temporary order of extension (see, Family Ct Act § 756-a [e]). We also note that a final decision was rendered within the 45-day period required by the statute.

Mercure, Crew III and White, JJ., concur.

Peters, J. (dissenting). Family Court's adjournment of this proceeding without entry of a temporary order extending placement resulted in the loss of jurisdiction upon expiration of the order of placement. Family Court Act § 756-a (e) is specific in each of its requirements when an extension is sought. Hence, to extend such placement, the statute requires that Family Court "enter one or more temporary orders". An oral adjournment, without more, is not and cannot constitute entry of a temporary order extending a child's placement. As loss of this child's personal freedom is at stake, strict construction of the statute is required (Matter of Gregory W., 19 NY2d 55; Matter of Leslie B., 129 Misc 2d 715; Matter of Resnik v Donald D., 84 Misc 2d 997).

Ordered that the order is affirmed, without costs.