OPINION OF THE COURT
Andrew P. Bivona, J.
This is an application by the respondent to dismiss a pend *100 ing petition alleging the respondent is a person in need of supervision (PINS) under article 7 of the Family Court Act on the following grounds: first, that the petition is jurisdictionally defective; second, that the petitioner lacks standing pursuant to Family Court Act § 733; and third, that the respondent is already under the treatment and supervision of the Department of Social Services. The application was brought on by way of notice of motion returnable on August 5, 1998 and an affidavit in opposition was filed by the petitioner. On the return date all parties and their counsel appeared and the matter was marked fully submitted for written decision.
The petitioner herein is the aunt of the 13-year-old respondent, Jeanette, born October 30,1985. The respondent’s mother died in 1992 and her father’s last known address is the Orange County Jail. In 1997 Jeanette and her sister Vicki came to live with her aunt because the children were allegedly not doing well living with their stepmother. On February 23, 1998 the adults appeared in court and it was agreed that Jeanette and Vicki would be picked up by the petitioner that afternoon and that petitioner would assume custody of both girls. By March 24, 1998 Jeanette had been removed from the petitioner’s custody by the Orange County Department of Social Services Child Protective Services Unit because Jeanette had alleged that the petitioner’s husband sexually abused her.
A review of the court’s file shows that a proceeding under article 10 of the Family Court Act was commenced against the petitioner and her husband. On May 14, 1998, that proceeding was adjourned in contemplation of dismissal on the consent of the parties and without any admission of wrongdoing. The respondent was placed in the custody of the Department of Social Services for suitable placement for a period of one year. As part of the settlement that was put on the record it was agreed that if it was determined that the instant PINS petition (filed on May 12, 1998) had merit, then the Department of Social Services would withdraw the adjournment in contemplation of dismissal and discontinue the article 10 action. Jeanette was represented by the Children’s Rights Society in that proceeding as she is in this proceeding.
The first prong of the motion to dismiss is on the grounds that the petition is jurisdictionally defective because it fails to specify “the acts on which the allegations are based and the time and place they allegedly occurred” in accordance with section 732 (a) of the Family Court Act. It is also argued that the *101 allegations are legally insufficient because they are based on hearsay.
The petition is clearly insufficient on its face as the allegations are set forth as follows: “Used foul language in school. Child will not behave in school. Detention 3 X — kicked out of detention. In school suspension 2X or 3 X. Ran away from home. Kicked off school bus.”
This petition was filed after review of the case by a senior probation officer. On May 6, 1998 the probation officer determined that the matter was not suitable for probation adjustment services and referred the matter to court.
The pro se petitioner prepared the petition without the benefit of legal advice. She subsequently retained an attorney and the affidavit in opposition prepared by her counsel sets forth a detailed, nonhearsay account of the one-month period that the respondent resided with the petitioner and her family. The allegations as set forth in the affidavit, if proven at trial, would more than justify finding the respondent a person in need of supervision.
The movant urges the court to ignore that affidavit arguing that the court cannot permit an amendment to the petition and cites Matter of Cassandra R. (155 Misc 2d 756 [Fam Ct, Bronx County]) in support of her position. In that case the Family Court determined that the provision of the Civil Practice Law and Rules (CPLR 3025 [b]) which permits the amendment of pleadings was not applicable to person in need of supervision petitions filed under article 7 of the Family Court Act and further found that the provision of article 3 of the Family Court Act which prohibits amendment of juvenile delinquency petitions was applicable to article 7 petitions. In support of this determination the court cites In re Gault (387 US 1); Matter of Cecilia R. (36 NY2d 317); and People ex rel. Schinitsky v Cohen (34 AD2d 1020).
This court respectfully finds that the cases relied on by the Bronx County Family Court are not truly controlling as to the issue of amendment of a PINS petition as the cited cases address due process issues in the fact-finding stages of juvenile delinquency proceedings regarding whether or not certain due process rights afforded adults are also available to juvenile delinquency proceedings. Specifically, In re Gault (supra) addressed whether the right to notice of the charges, the right to confrontation of witnesses and the right to counsel, which are guaranteed to adults in adult criminal proceedings were also guaranteed to juveniles in juvenile delinquency proceedings. *102 The United States Supreme Court found that juveniles are also entitled to these same rights.
Matter of Cecilia R. (supra) dealt with the right of the child to be present at the dispositional hearing after a fact-finding hearing had been held and the determination had been made that the child was a person in need of supervision. Failure to timely apply for an extension of placement which had expired 11 months prior to the request for the continuation of placement was the issue in People ex rel. Schinitsky v Cohen (supra).
Notwithstanding the Gault decision (supra) regarding the right to notice of the charges, the ability to amend a PINS petition prior to trial does not rise to the same level of constitutional scrutiny as the other issues addressed in the aforementioned decisions clearly merited as due process is not abridged so long as adequate time is afforded the respondent to prepare for trial after amendment of the petition. This court does not believe that Gault prohibits amendment of PINS petition as the Supreme Court specifically stated in Gault that there are rights that adults have that juveniles do not have such as the right “to bail, to indictment by grand jury, to a public trial or to trial by jury” (In re Gault, 387 US, at 14).
The New York Legislature specifically separated PINS proceedings from the juvenile delinquency proceedings to cover “noncriminal, status offenses”. (Besharov, Introductory Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act art 7, at 4.) Further, PINS proceedings are authorized to be brought by parents or other persons legally responsible for his care (Family Ct Act § 733 [b]) while only a presentment agency may commence a juvenile delinquency proceeding (Family Ct Act § 310.1 [2]). Although the ability to amend juvenile delinquency petitions is limited (Family Ct Act § 311.5) the Legislature did not craft a corresponding section for article 7 proceedings. The court does not believe that the Legislature intended to hold parents to the same standard as attorneys when drafting petitions.
While this court has no doubt that certain rights applicable to juvenile delinquency proceedings are likewise applicable to PINS proceedings, such as the right to notice of the charges, the right to confrontation of witnesses, and the right to counsel, amendment of a PINS petition prior to trial does not violate any of these rights or prejudice a respondent in any manner providing adequate time is given to allow for trial preparation.
The Family Court Act does provide that the provisions of the Civil Practice Law and Rules are applicable where no other *103 procedure has been adopted (Family Ct Act § 165 [a]). Nowhere does the Family Court Act provide that a procedure set forth in one article may be utilized as a procedure in another article if no other provision was adopted by the Legislature. Accordingly, this court believes that there is no legal authority to determine that a rule governing juvenile delinquency petitions can be applied to PINS petitions when the court is specifically authorized to apply the CPLR and there is an appropriate rule under the CPLR.
Under the circumstances presented here, where a parent or other legally responsible person is expressly authorized to file a PINS petition it will further the purposes of the Act to permit amendments pursuant to CPLR 3025 (b). Accordingly, the court finds that the PINS petition can be amended and will so deem the petition amended by the affidavit in opposition filed in this proceeding.
The remaining arguments of counsel to dismiss the proceeding must also fail based on the doctrine of estoppel. As stated at the beginning of this decision, at the time the settlement of the article 10 proceeding the PINS proceeding had been filed and the agreement that was put on the record specifically mentioned the PINS proceeding. The child, through her Law Guardian, was a party to the agreement and specifically consented to that stipulation. The petitioner was certainly a person legally responsible at the time the alleged acts in the petition were supposedly committed and would have been authorized under the statute to file a PINS petition. But for the stipulation of settlement, the petitioner could have gone to trial on the article 10 proceeding and if successful at that trial certainly could have pursued the PINS proceeding. The court therefore finds that based on the stipulation of settlement the respondent is estopped from asserting that the petitioner lacks standing to bring the instant proceeding.
Likewise the fact that the respondent is now receiving supervision and treatment was a part of the stipulation of settlement and therefore the respondent is again estopped from asserting same as a ground for dismissal.
Accordingly, based on the above the motion is denied, the court will deem the PINS petition amended by the affidavit in opposition and the matter will proceed to trial as scheduled.